WIBBING, Respondent, v. POWERS, Appellant.

| 25a | 599 |
| 33a | 213 |

| 25 | 599 |
| 42a | 259 |

1. A material man instituted proceedings by *scire facias*, under section 8 of the " act for securing liens to mechanics and others," (R. C. 1845, p. 735,) to enforce a lien ; the original debtor—the contractor—and the owner of the building were made parties to the proceeding ; the plaintiff dismissed the proceeding as to the debtor ; *held* that, having dismissed the proceeding as to the debtor, there was no party on the record to defend the suit, and the cause could not proceed against the owner of the building alone.

| 25 | 599 |
| 45a | 293 |
| 25 | 599 |
| 49a | 97 |

| 25 | 599 |
| 122 | 179 |
| 59a | 29 |

| 25 | 599 |
| 62a | 574 |

2. The general mechanics' lien law of 1845 was in force in St. Louis county as far as it was not inconsistent with the local act of 1843.

*Appeal from St. Louis Land Court.*

*A. J. P. Garesché*, for appellant.

*H. N. Hart*, for respondent.

SCOTT, Judge, delivered the opinion of the court.

This was a proceeding by *scire facias* to enforce a mechanic's lien under the 8th section of the " act for securing liens to mechanics and others." (R. C. 1845, p. 733.)   Before issuing the *scire facias* there had been no judgment against the contractor for the labor and materials furnished.   On motion

of the plaintiff, the cause was dismissed as to the defendant Eckert, the contractor, and a judgment was taken against Powers only, the owner of the building.

It is clear that this proceeding can not be sustained. As the plaintiff discontinued as to the debtor, there was no party to the record who could defend the suit. It is no answer to this objection that Eckert could not be found. The statute provided a mode of service in such an event. (Sec. 9.) Powers, the owner, was not brought into court to defend the cause of action against Eckert, the contractor. He is not presumed to know any thing more in relation to the demand against the contractor than any other person. The object of calling in the owner of the building is to give him an opportunity to show why his property should not be condemned to pay the debt of another. The contractor is the only person who can contest the validity of the demand ; and, as the proceeding was dismissed as to him, there was no person to defend the claim of the plaintiff. This case is as if a creditor, proceeding by attachment and garnishment, should dismiss his suit against the defendant—the debtor—and afterwards take steps against the garnishee, when there could be no judgment which he could be condemned to satisfy.

In the case of Schulemberg v. Gibson, 15 Mo. 287, it was held that the general law in relation to mechanics' liens still regulates the remedy, and continues in full force in the county of St. Louis, in all its provisions not inconsistent with the special law. The other judges concurring, the judgment will be reversed and the cause remanded.