FREDERICK STEINKAMPER, Appellant, v. CAMILLA S.
McMANUS ET AL., Respondents.

### St. Louis Court of Appeals, May 3, 1887.

1. MECHANIC'S LIENS—JUDGMENT—CONTRACTOR NECESSARY PARTY.
The judgment against the owner's property, in a mechanic's lien
case, is merely incidental to a personal judgment against some
one, who must either be the owner, or must stand in some contract
relation with him or with some contractor under him.

2. PRACTICE, APPELLATE—OBJECTIONS TO EVIDENCE MUST BE SPECIFIC.
Objections to evidence which do not specifically state the ground
of objection will not be reviewed on appeal.

3. ———— EVIDENCE.—The admission of cumulative evidence on a col-
lateral question, even though it be erroneous, is not ground for the
reversal of a judgment.

4. INSTRUCTIONS—TECHNICAL WORDS.—The unexplained use, in an in-
struction, of a word having a technical legal meaning which is not
essentially different from the meaning in common use, is not
ground for reversing a judgment.

5. CONTRACTS—RATIFICATION—AGENCY.—Only the acts of a person
purporting to act for the person sought to be charged, can be shown
to have been ratified.

6. PRACTICE—JURY, CONFINEMENT OF—DISCRETION.—The discretion of
the trial court as to the length of time it will confine a jury in de-
liberating upon a verdict will not be reviewed on appeal, unless it
has been manifestly abused.

APPEAL from the St. Louis Circuit Court, AMOS M.
THAYER, Judge.

*Affirmed.*

MUENCH & CLINE, for the appellant: The unex-
plained use of technical words in an instruction is mis-
leading, and is ground for a reversal of the judgment.
*Clarke v. Kitchen,* 52 Mo. 316; *Carson v. Porter,* 22
Mo. App. 179.

John D. Davis, for the respondents : The technical legal meaning of the word being not essentially different from its meaning in common use, its use is not reversible error. *Berry v. Wilson*, 64 Mo. 164.

Rombauer, J., delivered the opinion of the court.

This is an action upon a mechanic's lien, by a material man against the alleged sub-contractor, and the owner of the premises. It is well settled in this state that no recovery can be had charging the premises with a lien in such cases, except as an incident to a personal judgment against some one with whom the contract for the work or material was made, and who himself is either the owner, or standing with the owner, or some contractor under him, in a contract relation, and then only when the work or material actually entered into the construction of the building or improvement. *Wibbing v. Powers*, 25 Mo. 599; *Simmons v. Carrier*, 60 Mo. 581.

The plaintiff is a brick maker, and claims that he made the contract for the delivery of the brick with the defendant, David Goss, a brick layer, and sub-contractor for the brick work on the building sought to be charged, and that the brick furnished by him were all used in the construction of the building. The defendants claim that the plaintiff made the contract for furnishing the brick with one Fenton Goss, the defendant's brother, who, at that time, was the substantial owner of the capital stock, and sole manager of the Champion Brick Company, a corporation engaged in the manufacture of brick, and that only part of the brick furnished entered into the construction of the building. There was substantial testimony tending to establish the claim advanced by both parties, and the jury, in finding for the defendants, found that the defendants' version of the transaction was the true one.

The plaintiff, appealing, assigns for errors : (1) That

the court admitted illegal testimony. (2) That the court misdirected the jury. (3) That the court erred in keeping the jury together for an unreasonable length of time, to the plaintiff's prejudice.

Touching the first complaint, we find that the greater part of the objections made by the plaintiff to the admission of evidence was in general terms, such as "plaintiff objects," without stating the specific grounds of objection. That objections thus made will not be reviewed on appeal has been established too long, by a series of uniform adjudications in this state, to need the citation of authorities in support of the proposition.

The ruling of the court on the admission of testimony, however, was substantially correct. That there was a contract between the defendant, David Goss, and Fenton Goss, or the Champion Brick Company, by which the latter agreed to deliver all the brick required for the erection of the building, appeared by such portion of the deposition of Fenton Goss as was read without objection. That fact further appeared, from the testimony of David Goss, received without objection. The mere fact that some oral evidence of the contents of a written contract was permitted to go to the jury, without sufficiently accounting for the absence of the written instrument, was of no particular importance, because the material inquiry was, whether there was such a contract, and not what its exact and specific details were. The main fact had been sufficiently established by testimony *aliunde*, received without objection.

In regard to the fact whether David Goss settled for these brick with the Champion Brick Company, or his brother, prior to the institution of this suit, the record reads as follows:

"Testimony of David Goss.

"Q. Will you state with whom you settled for these brick that were received for this building?

"Objected to by the plaintiff's counsel. Objection overruled.

"A.    I settled with the Champion Brick Company for all the brick that was delivered to the Locust street job."

This is one of the objections. which, even if otherwise well taken, can not be reviewed here, because not sufficiently · specific. But the objection was not well taken on other grounds. The controversy was, with whom the plaintiff's contract was made. The plaintiff, himself, admitted that the order for the brick was given by Fenton, and not by David Goss, and sought to charge the defendants on the presumption of a contract between himself and David Goss, arising from the fact of the receipt of the brick by David Goss. As it was competent for the plaintiff to show all circumstances tending to show that Fenton, in ordering the brick, acted as agent for David, so it was competent for the defendants to show that Fenton, in this order, acted on his own account, and that all dealings between the two Gosses was on the basis of contracting principals. *Gerish v. Charties*, 1 C. B. 13 ; 1 Greenl. on Evid., sect. 53 ; 1 Phil. Evid. [15 Am. Ed.] 753 ; Starkie on Evid. [9 Ed.] 622.

The court, of its own motion, and upon the plaintiff's request, instructed the jury fully upon the plaintiff's theory of the evidence, telling them, in substance, that, if the plaintiff sold the brick to David Goss, or if Fenton Goss, in the transaction, acted as the agent of David, they must find for the plaintiff. As to these instructions, no complaint is made.

The court refused the following instruction, asked by the plaintiff :

"The court further instructs the jury that, even if the defendant, Goss, at the time the plaintiff commenced furnishing the brick in question, had not, himself, ordered, or instructed, his brother, Fenton, to order the said brick, for the said defendant's account, yet if, after the said brick had been ordered and furnished, the said defendant requested an account for the same, and received a bill, or account, therefor, and promised to pay for the

same, and did not deny liability for the said brick until after the date when the plaintiff could have established a lien on said building and premises through any other sub-contractor; and that the plaintiff did not know, and was not informed by the defendant, Goss, that the latter claimed this brick to have been furnished to the Champion Brick Company, instead of to himself, then the defendant can not now defeat the plaintiff's lien on the ground that no contract existed directly between the plaintiff and the defendant, Goss.''

And this refusal is assigned for error.

It is not claimed by the plaintiff that the facts stated in the instruction, if found, are sufficient to constitute an estoppel against the defendants, but it is claimed that they are evidence of ratification. This is a mistaken view. Before the facts therein stated could amount to any evidence of ratification, the jury would have to find that Fenton purported to act for David in ordering the brick, and that element this instruction wholly ignores. The instruction is unfortunately worded in other respects, because it assumes that the plaintiff has a lien, which is one of the facts in controversy. There was no error in refusing this instruction.

The court, upon the defendants' request, instructed the jury as follows:

''1. The court instructs the jury that the burden of proof in this case rests on the plaintiff, and, unless you believe, from the evidence, or a preponderance of the evidence, that David C. Goss purchased the brick sued for from the plaintiff, then you will find for the defendants.''

''2. If the jury believe, from the evidence, that the defendant, David C. Goss, purchased all the brick used in the building described in the plaintiff's petition from the Champion Brick Company, and that Fenton H. Goss, in order to fulfill said contract with David C. Goss, purchased from the plaintiff, Frederick Steinkamper, the brick sued for, and delivered them to the said David C.

Goss under the contract of the Champion Brick Company, then you will find for the defendants.''

The objection to the first instruction is, that it uses the phrase, ''preponderance of the evidence,'' without explanation. It is not easy to define the exact boundary which divides words of purely technical meaning from those which are not. It is the safer rule to couch instructions to juries in as plain language as the facts will admit, and, where technical phrases are used, to explain them. The word preponderance is not purely technical, though, as applied to evidence, it has a certain well defined meaning which it is the safer course to explain to a jury. But that the unexplained use of this word in an instruction will not warrant a reversal has been expressly decided. *Berry v. Wilson*, 64 Mo. 164.

The second instruction is a mere counterpart of the instructions given on behalf of the plaintiff, stating the law as applicable to the evidence adduced by the defendants, and not subject to the criticism that it was misleading.

The complaint that the court committed error in keeping the jury confined for an unreasonable length of time is not worthy of serious notice. That is a subject which must necessarily remain almost within the exclusive discretion of the trial courts. The jury, in this instance, were confined for ten hours altogether, during two days. It does not even appear that the plaintiff ever requested that they be discharged prior to that time. If they had been confined a much longer time, and if there should be evidence that they were forced into a verdict by long continued confinement, we can not see on what principle we could permit either of the parties to speculate in the matter—first await the result of their verdict without objection, and then object to their verdict on account of their long confinement, because it turned out to be unfavorable.

With the concurrence of Judge Thompson, the judgment is affirmed. Lewis, P. J., is absent.