CRANE COMPANY, Appellant, v. HANLEY & KERAGHAN COMPANY, Respondent.

Kansas City Court of Appeals, April 17, 1893.

Mechanics' Lien: JUDGMENT AGAINST CONTRACTOR. Before a mechanics' lien can be enforced by a subcontractor against the real estate improved there must be a judgment for the debt against the contractor with the owner of such real estate.

*Appeal from the Jackson Circuit Court.*—HON. R. H. FIELD, Judge.

AFFIRMED.

*Crysler, Sherlock, & Stearns,* for appellant.

*Stewart Taylor* and *Hugh C. Ward,* for respondent.

ELLISON, J.—This is an action commenced before a justice of the peace to enforce a mechanics' lien against the church property of the First Baptist Church at Westport. The record shows that the action is founded on an account for fixtures sold by plaintiff to

Hanley, Keraghan & Co., contractors with the church aforesaid, and that it was placed in the church by Hanley, Keraghan & Co., under a contract between such company and the church. The church, having had no contractual relations with plaintiff, is not liable for the debt here sued for. Its property is liable to a. lien for the amount of the debt owing by Hanley, Keraghan & Co. to plaintiff. But before this lien can be enforced there must be a judgment against the debtor for the debt. The debt must be ascertained before the lien is enforced. McQuillin's Pleading & Practice, sec. 1690. In *Murdock v. Hillyer*, 45 Mo. App. 287, we said that it was a prerequisite to a lien that there should be an adjudication of the debt against the debtor. See also *Steinkamper v. McManus*, 26 Mo. App. 52. Now, in this case the record fails to show a judgment establishing the debt either before the justice or the circuit court. Indeed, in the latter court, the plaintiff especially disclaimed wanting any judgment against the debtor. It is stated incidentally in plaintiff's statement that judgment was rendered by the justice against Hanley, Keraghan & Co., but nothing of the sort appears in the abstract, nor does it appear in the original record.

The trial court properly overruled plaintiff's motion to affirm the judgment of the justice. The appeal was properly taken and notice of appeal properly given. The judgment must be affirmed. All concur.