HENRY WEIS CORNICE COMPANY, Respondent, v. J. B. NEEVEL & SONS, ET AL, Appellants.

Kansas City Court of Appeals, February 1, 1915.

1. **MECHANIC'S LIENS: Contractor: Party: Amendment.** In a suit by a subcontractor to enforce his lien the original contractor must be made a party and a judgment had against him. The suit must be brought ninety days from filing the lien and where the original contractor is not made a party, he cannot be brought in by way of amendment to the petition made *after* the time limited for bringing the suit has expired. But this does not prevent formal amendments at any time, if the contractor is an original party, or is made a party before the time has run.

2. ————: ————: **Beginning of Action: Service.** A suit against the original contractor in an action to enforce a mechanic's lien is begun by filing the petition before the expiration of the time limited for bringing suits, although there is no service until after that time has expired.

3. **EVIDENCE: Corporate Existence.** The certificate of the Secretary of State and the organization of a corporation is sufficient evidence of its corporate existence.

4. **JUDGMENT: Correction: Term.** A verdict was returned against two parties but the clerk failed to include one of them in the judgment record and this was corrected by the court. It was *held* that during the term or the term to which the case is continued all proceedings are in the breast of the court and a proper judgment may be entered during such term.

Appeal from Jackson Circuit Court.—*Hon. O. A. Lucas,* Judge.

AFFIRMED.

*Chas. H. Winston* for appellants.

*Lathrop, Morrow, Fox & Moore* for respondent.

ELLISON, P. J.—This action was instituted to enforce a mechanics lien and resulted in a judgment in the trial court for plaintiff.

It appears that defendants, who are husband and wife, owned a parcel of ground on Grand avenue in Kansas City and that they, or at least, he, desired to erect a building thereon. Plaintiff alleged that they did erect the building, but it seems from the evidence that it was built by the husband and that he made the contract in controversy. At any rate, the court instructed a verdict for her and we have now to decide whether any error was committed by the court as against him, whom we shall refer to as though the sole defendant.

It appears that "J. B. Neevel & Son," or "J. B. Neevel & Sons," or "J. B. Neevel & Son's Construction

Company,'' contracted with defendant for the erection of a building on the ground above referred to and that it was constructed under that contract. In course of construction, the contractors entered into a subcontract with plaintiff to furnish ''metal windows with ribbed wire glass'' for the building; and as such subcontractors they filed a lien for a balance due on the account for the windows. The record shows that this lien was in proper form, that the windows were furnished and went into the building and that the balance of $333, with interest, is justly due. But a number of technical objections are made which have caused to be put before us a record of extraordinary length.

Much of the defense is made over the status of the original contractor, that is, whether it was a partnership or a corporation. The original petition and the several amended petitions charge it to be a corporation. If we understand a point made by defendant, it is that though the original petition was filed in the time required by the lien law, yet amendments were made after the time limited by the statute for bringing suits to enforce liens. These amendments were formal and in no way changed the cause of action, and we think no error was committed. The J. B. Neevel & Sons Construction Company appeared to the action and filed an answer consisting of a general denial, but did not deny it was a corporation save in that formal way.

Defendant, however, insists that it was a partnership and not a corporation. It seems that plaintiff's proposition to furnish the windows was addressed to J. B. Neevel & Son, but the contract as concluded by the parties was signed J. B. Neevel & Sons Construction Company, by its president. The numerous objections set out in the record and brief, we think are not well taken. The fact is that plaintiff's contract was made with J. B. Neevel & Sons Construction Company, a corporation.

It appears that though J. B. Neevel & Sons Construction Company was sued within proper time, yet there was no service upon it, but it entered its appearance and filed an answer, though this was not until *after* the time limited by the statute for bringing suits. On this ground defendant insists that plaintiff's lien has failed. The law is hat the action must be brought within ninety days after the lien is filed and that when brought by a subcontractor, the original contractor must be made a party as well as the property owner. It has been held that if the original contractor is not sued that he cannot be made a party *after* the time limited for suit has expired. [Fury v. Boeckler, 6 Mo. App. 24; Bombeck v. Devorss, 19 Mo. App. 38; Rumsey v. Pieffer, 108 Mo. App. 486; Badger Lbr. Co. v. Staley, 141 Mo. App. 295.] But that objection does not appear in this case. Here the original contractor was made a party to the action, but service was not had, nor did it enter appearance by answering, until *after* the limitation had run. The time of bringing the action was the filing of the petition and not the date of service, or entry of appearance.

So it is insisted that the lien was lost by amendments to the petition made *after* the time for bringing suit. The amendments, as we have already said, did not change the cause of action and were merely formal, and we therefore rule the point against defendant. The ground upon which defendant seeks to sustain himself and upon which we base our statement that the amendment were formal, relates to the name of J. B. Neevel & Sons Construction Company in that it was changed by leaving off the letter "s" in "Sons," or putting it on in "Son," and in one instance of taking out an apostrophe between "n" and "s" in the word "Sons." They are without merit.

It seems the trial court overruled defendant's request to be given a separate trial of plaintiff's case. In this we think the court was right. But there is the

additional point that the trial court had no jurisdiction and that this ought to have been separately settled before trial on the merits. This question of jurisdiction and separate trial arises out of the idea that if the construction company was a partnership, there was no jurisdiction to declare a lien since the action had been founded on an allegation that the company was a corporation. Now a matter of that kind could defeat jurisdiction in the circuit court, or compel it to have separate trials of such question is difficult to understand.

Then again it is objected that there was no evidence that the construction company was a corporation. We think the record does not bear out this suggestion. It was shown to have been duly incorporated and it sufficiently appears, if in no other way, that it entered upon the business of such corporation by entering into this contract through its president or vice president, or both. [Bratmens Bank v. Gillespie, 209 Mo. 217; Vannoy v. Ins. Co., 168 Mo. App. 287.] And so all through the record and brief of defendant this question of the name of the construction company and whether it was a partnership or corporation, is made to arise in a great number of ways, all quite technical and in no way substantial, or affecting the merits of the controversy.

We think the lien notice was served ten days before the lien was filed. The notice and affidavit of service were admitted in evidence without objection.

We think the lien paper was sufficient and was properly identified as being filed. The items show the material was windows, and the kind, and the number of square feet, and the price per foot, with the total carried out and the proper credit.

Finally, objection is made to the entry of judgment. It seems the clerk, notwithstanding the verdict against the construction company, and notwithstanding the intention of the court (as was afterwards shown)

failed to include it in the judgment, and he did include more property as subject to the lien than the record justified. A motion to correct this was made at the next term to which the cause was continued on motions for new trial and in arrest and before they were passed on. During the term, or, which is the same thing, at a succeeding term before the motion for new trial is passed on, the proceedings are in the breast of the court and a judgment may be corrected to conform to the verdict. [Bruner v. Marcum, 50 Mo. 405.] The entry here is supported by the verdict. We think the cases cited by defendant are without application.

The record does not show any substantial error materially affecting the merits of the case and the judgment will therefore be affirmed. All concur.