GROVER HARRISON AND BEULAH HARRISON, CO-PARTNERS, D/B AS HARRISON'S LUMBER AND FARMER'S SUPPLY, APPELLANTS, v. CLAUDIE CREASON, CHARLES S. DAVIS, TRUSTEE, AND BUSINESS MEN'S ASSURANCE COMPANY OF AMERICA, A CORPORATION, RESPONDENTS. —176 S. W. (2d) 849.

Kansas City Court of Appeals.   January 10, 1944.

*Thompson & Thompson* for appellants.

*Lawson & Hale* for respondents.

SPERRY, C.—This is a mechanic's lien suit. Grover and Beulah Harrison were plaintiffs in a suit against Claudie Creason, the then owner of a certain house, Charles S. Davis, Trustee, and Business Men's Assurance Company of America, a Corporation, who was the owner of a note secured by deed of trust on said house, defendants. The purpose of the suit was to secure a lien against said house on account of materials furnished by plaintiffs and used in the improvement of same. Service of process was had on defendants who wholly made default. A lien was duly decreed and a writ of execution issued. Defendant Creason moved to quash the writ. Her motion was sustained and plaintiffs appealed.

The pertinent fact of this case appear in the petition and judgment, and are as follows:

Dallas Creason was the owner of said house on May 27, 1940 and, on that date contracted with plaintiffs for the purchase of the materials which are the subject-matter of this controversy; said materials were delivered over a period beginning on May 27, and ending on October 19, 1940; on December 10, 1940, Dallas Creason and Claudie, his wife, executed a note and deed of trust to Business Men's Assurance Company of America, a corporation, wherein Charles S. Davis was named as trustee; on February 27, 1941, Dallas Creason conveyed said real estate to Claudie Creason and, on the same day, died wholly insolvent; since the last-mentioned date Claudie Creason has been and now is the owner of said real estate and in the exclu-

sive possession thereof; the instant suit was filed on April 27, 1941, and judgment was entered on October 27, 1941.

The motion to quash was filed by Claudie Creason and it is her contention that the lien judgment is void because it is not based on any judgment sought or obtained against Dallas Creason or his heirs, executors or administrators. She contends that, since the contract for sale and delivery of the materials was between plaintiffs and Dallas Creason, who was the then legal owner of the real estate, no valid judgment for a lien against the real estate could have been rendered except same was based on a judgment rendered against him.

The Mechanics' and Materialmen's Lien Law is found in Article 3, Chapter 26, Revised Statutes Missouri 1939. Section 3546 thereof provides: "Every mechanic or other person, who shall do or perform any work or labor upon, or furnish any material . . . under or by virtue of any *contract* with the owner or proprietor thereof, . . . *upon complying with the terms of this article* . . . shall have . . . a lien, . . ." (Italics ours.) In view of the terms of this section of the statute it cannot be successfully contended that such a lien as is herein sought could have been had except upon compliance with the law which creates the right.

Section 3555 provides: "In *all* suits under this article (Article 3, *supra*) the parties to the contract shall, . . . be made parties, . . ." (Italics ours.) Courts are not permitted to construe a statute contrary to its plain and simple meaning. The word "contract", used in this section, unquestionably refers to the word "contract" appearing in Section 3546, *supra*, the section that creates the right to a lien.

In the instant case the facts are undisputed. The materials were furnished by plaintiffs on a contract with Dallas Creason. The statute makes it mandatory that he be made a party before plaintiffs could invoke the provisions of the Mechanics' and Materialmen's law. Plaintiffs' petition, and the judgment of the court, establish the facts that he was the owner and the contracting party at the time the materials were furnished, and that he was not made a party to the suit to establish and enforce a lien. Consequently, the court obtained no jurisdiction of the subject-matter of this suit. It is as though no petition had been filed and the lien judgment is void.

It appears that Dallas Creason was dead when this suit was filed. Section 3556, Revised Statutes Missouri, 1939, provides: "In case of the death of any of the parties specified in the next preceding section, *whether before or after brought,* the executor or administrator of such deceased party shall be made plaintiff or defendant, as the case may require, . . ." (Italics ours.) This section provides for the exact contingency which occurred in this case, but plaintiffs failed to comply therewith.

In disposing of the issues here presented the author of this opinion has seen fit to do so upon a plain construction of the statutes, without resort to citations of, and excerpts from, case law, by which the opinion might be embellished and extended. Suffice it to say that the authorities fully sustain the views here expressed. [Reis v. Taylor, 103 S. W. (2d) 892, 1. c. 898; Reis-Moran Lumber Company v. Putney Roofing Company, 147 S. W. (2d) 172, 1. c. 175; Reese v. Cibulka, 68 S. W. (2d) 902, 1. c. 903; Steinmann v. Strimple, 29 Mo. App. 478, 1. c. 481; Steinkamper v. McManus, 26 Mo. App. 51, 1. c. 52; Wibbing v. Powers, 25 Mo. 599; Russell v. Grant, 122 Mo. 161, 1. c. 179, 180; Crane Company v. Hanley, 53 Mo. App. 540, 1. c. 541.]

The last cited decision is one by this court, written by Judge ELLISON and, characteristically, is brief and to the point.

Plaintiffs contend that defendants, not having raised the question of defect of parties by demurrer or answer, have waived it. Such is the general rule, but it has no application in a Mechanics' and Materialmen's Lien suit. [Steinmann v. Stimple, *supra*.] The court, in that case, held that the general rule has no application ". . . in cases where the party not proceeded against, or not properly brought before the court, is a necessary party to the rendition of *any* judgment at all, such as the plaintiff sues for."

Motion to quash an execution issued on a void judgment is the proper procedure where the record actually shows that said judgment is void for want of jurisdiction of the court to render it. [Dewey v. Union Electric Company, 83 S. W. (2d) 203, 1. c. 205.]

The judgment should be affirmed. *Boyer, C.,* concurs.

PER CURIAM:—The foregoing opinion of SPERRY, C., is adopted as the opinion of the court. The judgment is affirmed. *Bland* and *Cave, JJ.,* concur; *Shain, P. J.,* not sitting.