**CONTINENTAL ELECTRIC COMPANY,**
Appellant,

v.

**EBCO, INCORPORATED, Defendant,**

and

**Ford Motor Company, Respondent.**

No. 50087.

Supreme Court of Missouri,

Division No. 1.

Jan. 13, 1964.

Motion for Rehearing or to Transfer
to Court En Banc Denied
Feb. 10, 1964.

Robert W. Cook, Kansas City, Linde, Thomson, Vandyke, Fairchild & Langworthy, Kansas City, of counsel, for appellant.

Warren E. Slagle, Slagle & Bernard, Kansas City, for respondent.

WELBORN, Commissioner.

This is an action by the appellant, Continental Electric Company, against Ebco, Incorporated, to recover for materials furnished by appellant to Ebco, a subcontractor on a project of the respondent, Ford Motor Company, for construction of buildings at Ford's plant in Clay County, Missouri. The action also sought to enforce a materialman's lien against the Ford plant property. Ebco defaulted on the cause of action against it. Upon trial, a jury returned its verdict in favor of the appellant on its claim of a lien against the Ford property. After the verdict, respondent filed a motion for judgment in accordance with its motion for directed verdict at the close of the case and an alternative motion for new trial. The trial court sustained the motion for judgment and also ordered that, in the event such judgment not be upheld, the motion for new trial should be considered sustained. Appellant appealed to the Kansas City Court of Appeals which reversed the judgment of the trial court and ordered judgment entered in accordance with the verdict (365 S.W.2d 746). On motion of respondent, alleging among other grounds that the decision of the Court of Appeals conflicted with controlling decisions of this court, the Court of Appeals transferred the cause to this court. We now have the matter before

us as on original appeal. Civil Rule 84.05 (h), V.A.M.R.

One of the grounds specified by the trial court for sustaining respondent's motion for judgment was that the trial court lacked jurisdiction of the cause of action to enforce the lien for the reason that, after the first summons had been issued against Ebco and returned unserved, appellant failed to request the issuance of an alias summons for a period in excess of six months after the original summons had been returned unserved. Respondent had raised this objection by its answer upon which the case was tried.

The facts relative to this issue are that appellant's lien statement was filed in the office of the Clay County Circuit Clerk on December 23, 1959. This action against Ebco and Ford was filed in the Clay County Circuit Court on February 5, 1960, well within the 6-month limitation prescribed by Section 429.170 RSMo 1959, V.A.M.S. Summons issued on the same date. Ford was served shortly thereafter. The summons for Ebco showed an address in Kansas City and that summons was forwarded to the Sheriff of Jackson County on February 10, 1960. The Jackson County Sheriff attempted to serve Ebco at the address shown on the summons, which, according to the appellant, had been found in the Kansas City telephone directory. On February 10, the Jackson County Sheriff notified counsel for appellant that the office of Ebco at the address given was empty and locked and that the summons had not been served. A "non est" return was made and the summons returned to the Clay County Circuit Clerk who on February 11, 1960, advised appellant's counsel of the "non est" return.

No further process for Ebco issued until October 10, 1960, after a pre-trial conference on October 7. On October 10, an alias summons issued at appellant's request. It was served October 14, 1960, by the Jackson County Sheriff by delivery to the registered agent of Ebco, Inc., Mr. Charles Ferm, an attorney, at the registered office of Ebco, 1005 Grand Avenue, Kansas City. Mr. Ferm had been designated the registered agent and that address the registered office of Ebco in its articles of incorporation filed in the Jackson County Recorder's office on October 10, 1958.

 As the subcontractor, who purchased the materials for which the lien was sought, Ebco was a necessary party, to any action to enforce a materialman's lien. Section 429.190, RSMo 1959, V.A.M.S. Hughes Bros. Paint & Hardware Co. v. Prewitt, 170 Mo.App. 594, 157 S.W. 120, 121. An action to enforce a lien must be commenced against all the necessary parties within the time prescribed by statute for instituting the suit after filing of the lien notice. Quigley v. William M. Rideout & Co. et al., Mo.App., 127 S.W.2d 37; Steinmann v. Strimple, 29 Mo.App. 478; Reis v. Taylor, Mo.App., 103 S.W.2d 892; Harrison v. Creason, 238 Mo.App. 118, 176 S.W.2d 849. The time now specified is six months (Section 429.170), having been extended from ninety days in 1959 (Laws of Mo.1959, S.C.S.S.B. 257 and 295).

Respondent's position is that, under the cases of Mayne v. Jacob Michel Real Estate Co., 237 Mo.App. 952, 180 S.W.2d 809; St. Ferdinand Sewer District v. Turner, Mo. App., 208 S.W.2d 85, and Driscoll v. Konze, Mo.Sup., 322 S.W.2d 824, the delay by appellant for a period in excess of six months in obtaining the alias summons which was served on Ebco nullified the effect of the filing of the suit to prevent the expiration of the limitation period. Appellant's response is that the requirements of the statute were satisfied when the suit was filed within the limitation period and that failure to serve summons within such period is not a bar to the action so long as the plaintiff did not request or participate in the delay of service. Appellant relies on City of St. Louis v. Miller, 235 Mo.App. 987, 145 S.W. 2d 504; Henry Weis Cornice Co. v. J. B. Neevel & Sons et al., 187 Mo.App. 496, 174 S.W. 159; Hill-Behan Lumber Co. v. Sellers, Mo.App., 149 S.W.2d 465, and also cites Driscoll v. Konze, supra.

As above mentioned, Section 429.-170 requires that the action to enforce a lien be "commenced" within six months after the filing of the lien statement. In our practice, an action is commenced by the filing of a petition and the issuance of summons. Civil Rule 53.01, V.A.M.R. The original summons is to be issued by the clerk forthwith upon the filing of the petition. The plaintiff is not obliged to take any further steps for such purpose. However any additional summons issues only at the request of the plaintiff. Civil Rule 54.01, V.A.M.R.

In Mayne v. Jacob Michel Real Estate Company, supra, a petition on a claim for sewer taxes subject to the 5-year statute of limitations was filed on November 10, 1932. Summons issued on November 21, 1932, and was returned unexecuted on January 9, 1933. No other process issued until an alias summons issued on July 7, 1943, which was served on July 14, 1943. The defendants raised the defense of the statute of limitations and in sustaining their defense the court stated (180 S.W.2d 810):

"In this case the petition was filed and a writ of summons was issued upon the filing of the petition. There is no question that this was the commencement of the suit within the meaning of the statute of limitations, but the fact that the suit was commenced prior to the running of the statute is not necessarily decisive. The question with which we are here concerned is as to whether or not there was such delay in the issuance of other process following the return of the original writ as to interrupt the continuity of the suit so that the running of the statute became a bar to the suit."

The court further stated (180 S.W.2d 812):

"The cases differ somewhat with respect to the course of reasoning adopted, but they all proceed upon the same underlying principle and arrive at the same result. They all manifest the same unwillingness to permit the period of limitation to be prolonged by the failure of the plaintiff to make diligent use of the means provided by law for obtaining jurisdiction of the defendant."

The court concluded (180 S.W.2d 813):

"It is clear that the present suit is barred by limitation, and defendant's instruction in the nature of a demurrer to the evidence was erroneously refused."

St. Ferdinand Sewer Dist. v. Turner, supra, was also a suit to recover sewer taxes. Petition was filed on September 27, 1932. Summons issued on October 24, 1932 and was returned unexecuted on January 9, 1933. No further process issued. On September 23, 1946, motion to dismiss the action under the 5-year statute of limitations was sustained. In upholding this action, the St. Louis Court of Appeals stated (208 S.W.2d 88):

"We held in the Mayne case, under facts the same as in this case, that the statute of limitation was not tolled by the mere filing of the petition and issuance of a summons which was returned unexecuted, and thereafter the term of over five years elapsed without further process being issued. It is unnecessary to again review all of the authorities which were reviewed in that case. However, one case that was cited and quoted from, and which we think is a correct pronouncement of the law, was Clark v. Kellar, 3 Bush, Ky., 223, wherein the court said: 'To prevent the statute of limitations from running, a suit must be brought and prosecuted in good faith; and, if the time constituting the bar is permitted to elapse between the suing out of one process until another, the mere bringing the suit will not prevent the statute from running, and is no legal reason why the bar should be disallowed.'"

In Driscoll v. Konze, supra, a writ scire facias issued on April 11, 1949, to revive a

judgment which would have expired on April 18, 1949. Some time prior to July 27, 1949, the sheriff made a "not found" return and on the latter date service by publication was ordered. The defendant not appearing, a judgment of revivor was entered on October 29, 1949. Some time thereafter, defendant moved to quash the judgment of revivor on the grounds that the order of publication was void. The Supreme Court held the judgment void (296 S.W.2d 31), and its mandate was filed in the trial court on January 21, 1957. On February 6, 1958, plaintiff secured an alias scire facias writ which issued and was served the next day. The defendant's motion to quash the alias scire facias writ was sustained by the trial court and its judgment affirmed by this court. In the opinion, this court stated (322 S.W.2d 828):

"Although statutes of limitations are satisfied when a suit is commenced prior to the running of the statute by filing a petition and having a summons issued thereon, there nevertheless may be such delay and lack of diligence in the issuance of other proper process as to cause a discontinuance of a properly instituted action, and thus a period of limitations which expires in the meantime will be an effective bar to the continuation of the action. Mayne v. Jacob Michel Real Estate Co., 237 Mo. App. 952, 180 S.W.2d 809, 810 [1], and note particularly the statement by the court at page 812 summing up the underlying principle of several cases there reviewed, 'They all manifest the same unwillingness to permit the period of limitation to be prolonged by the failure of the plaintiff to make diligent use of the means provided by law for obtaining jurisdiction of the defendant.' "

The court further stated (322 S.W.2d 829):

"It seems clear and we hold that plaintiff's delay for more than a year in applying for the alias writ worked a discontinuance of the existence of the 1939 judgment by limitation under all the circumstances disclosed by this record and that, consequently, the trial court correctly sustained defendant's motion to quash. We think it is not possible to satisfactorily state even general standards by which it may be determined when and under what circumstances one's lack of diligence to proceed in the issuance of process may amount to a discontinuance of the action or destroy the effectiveness of a pending proceeding. Each situation must depend upon all the circumstances in which the relevant facts appear."

In discussing the quotation from Clark v. Kellar, 3 Bush, Ky., 223, which appears above in the quotation from St. Ferdinand Sewer Dist. and which was also quoted in the Mayne case, this court stated (322 S.W. 2d 829):

"Even if the foregoing quotation is properly construed to mean that a statute of limitations will not run unless a period equal to the period provided in the limitation statute has elapsed between the time of issuing one process until the time another is issued, it is clear that the Mayne case did not adopt any such construction or rule but on the contrary held, as heretofore noted, that a period of limitation cannot be prolonged by the failure of a plaintiff to make diligent use of the means provided by law to obtain jurisdiction of the defendant."

We are of the opinion that, under these cases relied upon by respondent, appellant's unexcused neglect for a period in excess of the period of limitation to cause process to be issued which would confer upon the court jurisdiction of an essential party is fatal to the maintenance of the action to enforce the lien. If prompt determination of the lien claim is to be achieved,

and such is the obvious purpose of the short limitation period, there can be no reason to accord to the party bringing the suit a period of time for obtaining process which exceeds the time within which he is required to sue. As pointed out in the Mayne and Driscoll cases, the plaintiff may not by such device extend the period of limitation on the cause of action. The effect of such delay is to cause the period of limitations to continue to run, despite the filing of the suit. The timeliness of the action in such case must be measured, at the earliest, by the time at which plaintiff seeks additional process. Insofar as Ebco is concerned, the situation is the same as if appellant had attempted to join them as a party on October 10. The lien would have terminated under such delay and Ford could have asserted such termination. Steinmann v. Strimple, supra. See Reis-Moran Lumber Co. v. Putney Roofing Co., Mo.App., 147 S.W.2d 172. The effect of the delay here is the same and Ford had the right to object to the lien on such grounds.

■■ In Driscoll v. Konze, supra, the court pointed out that in some circumstances the plaintiff should be permitted to explain his delay in obtaining substitute process. However, there is no valid excuse for delay such as involved in this case. Ebco was a Missouri corporation, required by law to maintain an office and agent for service of process. Sections 351.370–351.380, RSMo 1959, V.A.M.S. The appellant, until the matter was raised some eight months after the suit was filed, made no effort to take advantage of the statutes designed to facilitate service of process on corporations. Instead of seeking out the registered agent, the appellant merely took an address from the telephone directory. Under the General and Business Corporation Law, the name of the registered agent and the address of the registered office of Ebco were matters of public record, easily available to the appellant. When resort was finally had to service in such manner, it was promptly accomplished.

The appellant asserts that it did not obstruct or deliberately delay the service of process on Ebco. Of course, had appellant done that, the statute of limitations would have continued to run. Hill-Behan Lumber Co. v. Sellers, supra. However, it was the obligation of the appellant to see that an alias summons issued (Mayne v. Jacob Michel Real Estate Co., supra) and there can be no question that the appellant did not diligently carry out this obligation. Appellant further states that there was no discontinuance of the action because Ford had been served and the action proceeded without delay. However, the appellant was obliged to institute its action not only against Ford but also against Ebco, and to continue the action against both. We cannot say that the failure to serve process on Ebco for a period of some eight months after the suit was instituted did not delay the eventual disposition of the cause of action. Ebco was served on October 14, 1960 after a pre-trial conference on October 7, 1960. Although the transcript here is silent on the status of the litigation at that time, it would be reasonable to assume that the cause was at issue as between the appellant and Ford at the time of the pre-trial conference. After Ebco had been served, a motion to dismiss was filed by it on November 21, 1960. This motion was overruled by the trial court on January 16, 1961. Whether or not Ebco was given leave to plead thereafter does not appear, but no further pleading was filed on behalf of Ebco. In these circumstances, the delay in serving Ebco must certainly have delayed the bringing of the cause to trial.

Although a case such as this must be ruled on its particular facts, we note that none of the cases relied upon by appellant involved a situation similar to that here presented. In City of St. Louis v. Miller, 235 Mo.App. 987, 145 S.W.2d 504, the question was whether or not failure to issue a writ of scire facias for renewal of a judgment within the 10-year period of limitation was fatal where the application for the writ had been filed within the period. Time of service of

the writ was not the issue. The judgment, revival of which was sought, had been entered March 7, 1928. The petition for the writ was filed March 5, 1938. The writ issued March 8, 1938. The petition having been timely filed, failure of the writ to issue within the limitation period was not fatal. In Hill-Behan Lumber Co. v. Sellers, Mo.App., 149 S.W.2d 465, the court cited Miller in laying down the general rule that a suit is commenced when the petition is filed. In Hill-Behan, the lien was lost because plaintiff requested a delay in the service of process. In Henry Weis Cornice Co. v. J. B. Neevel & Sons et al., 187 Mo.App. 496, 174 S.W. 159, an entry of appearance, after the limitation period had expired, by the principal contractor in an action filed within such period was held sufficient to avoid the effect of the limitation statute. There is nothing to indicate the time within which the entry of appearance was made. Prompt entry of appearance in such situation would, however, be as effective as service after the limitation period had run.

We, therefore, conclude that the trial court properly ordered judgment for the respondent on the grounds that the lien was barred under Section 429.170 by reason of the delay on the part of appellant in obtaining process for service upon Ebco. In view of our conclusion in this regard, we need not inquire further into the other grounds cited by the trial court as a basis for its action on the motion for judgment or on the motion for new trial.

The respondent's motion to dismiss the appeal in this court is overruled. The judgment of the trial court is affirmed.

COIL and HOUSER, CC., concur.

PER CURIAM.

The foregoing opinion by WELBORN, C., is adopted as the opinion of the Court.

All of the Judges concur.