STATE of Missouri ex rel. Betty Arlene KINCANNON, Relator,

v.

Honorable Fred E. SCHOENLAUB, Circuit Judge, Buchanan County, Respondent.

No. 58847.

Supreme Court of Missouri, En Banc.

April 14, 1975.

David B. Rogers, Smith, Lewis & Rogers, Columbia, for relator.

Kranitz & Kranitz, By: Theodore M. Kranitz, St. Joseph, for respondent.

HOLMAN, Judge.

This is an original proceeding in prohibition in which relator seeks to restrain respondent judge from exercising jurisdiction in a divorce action. Upon application of relator, the Missouri Court of Appeals, Kansas City District, issued a provisional rule in prohibition. After hearing, the provisional rule was made absolute. Application to transfer pursuant to Art. V, § 10, Mo.Const., V.A.M.S. was sustained and we decide the case here the same as an original proceeding filed in this court. In so doing, we utilize, without quotation marks, some portions of the opinion of the court of appeals.

The issue presented is the propriety of the action of the respondent judge in overruling a motion to dismiss based on the claim that the Boone County Circuit Court had exclusive jurisdiction in another suit between the same parties for the same cause of action.

Except for one matter, to be later noticed, the facts are admitted in the pleadings from which the provisional rule issued.

The relator wife is plaintiff in a divorce action filed in Boone County on August 3, 1973. Service was accomplished on her husband in Nodaway County by personal service on August 13, 1973.

The divorce action from which this proceeding arises was filed by the husband in Buchanan County on July 31, 1973, and summons was directed to the Sheriff of Boone County. The return form on this summons shows that the petition and summons were left for defendant wife at "her usual place of abode" with some person of "her family." The person identified as receiving the summons was Charles L. Overton who is the father of the wife. The date upon which delivery was made is noted as August 3. The photostat of the return form shows that someone, ostensibly the officer, struck through the portions of the form indicating delivery to Overton and the fees for service of the summons. A fee for a non est return is shown and a notation under date of August 7 that Overton had returned papers "to this office—daughter out of town." August 9, at the request of the husband's attorney, the clerk in Buchanan County issued an alias summons which shows file stamp evidence of receipt in Boone County August 13 and personal service August 14, one day subsequent to service on the husband of the wife's Boone County action.

Relator filed a motion to dismiss in the Buchanan County suit asserting inter alia that the Buchanan County suit should be dismissed under Rule 55, V.A.M.R., because of the pendency of a prior action. Attached to this motion were affidavits of relator wife and her father Overton to the effect that she was not residing in her father's home on the critical dates and that her husband was not a resident of Buchanan County. Respondent Circuit Judge took oral testimony of the husband to the effect that the relator wife was residing with her father before and after the 3rd of August, 1973. The respondent judge overruled relator's motion and in his order recited that the Boone County residence of relator wife was in the home of her parents on August 3 and that service there was valid.

It is relator's contention that on these facts no issue of fact remains and that judgment on the pleadings is warranted. Relator asserts that the action of respondent judge in determining the fact issue on the motion was inappropriate but does not pursue the point, conceding both residence of the husband and the wife as found by respondent judge. Relator relies on the issuance of the alias summons which it is asserted abandoned the summons delivered to Overton in Columbia on the 4th, even if it be conceded there was a valid service on that date.

Respondent's contentions are that the return of the summons by the father was intended to fraudulently induce the request for the alias summons, that relator waived the question of prior jurisdiction by joining in her motion to dismiss a claim that no cause of action was stated, thus entering a general appearance, and that the rule that the issuance of an alias summons abandons the original summons should be reexamined to determine whether the rule may be waived or whether an exception exists where the issuance of the alias summons is fraudulently induced.

For the reasons that follow, it is our view that we need not determine the foregoing contentions of the parties as they are not decisive of the issue here presented.

As appears from the factual statement the suit in Buchanan County was filed prior to the one in Boone County but (according to the sheriffs' returns) service was first had in the Boone County case. The issue here presented, therefore, is which court acquired the exclusive jurisdiction of the controversy so that it could proceed to determine the issues in the case pending before it.

Prior to December 1, 1972, it was the general rule in this state "that where two actions involving the same subject matter are brought between the same parties in courts of concurrent jurisdiction, the Court in which service of process is first obtained acquires exclusive jurisdiction of the cause, and may dispose of the whole controversy without the interference of any other court." State ex rel. Dunphy v. Eversole, 339 S.W.2d 506, 509[2] (Mo. App.1960). See also, In re Gaebler's Estate, 248 S.W.2d 12 (Mo.App.1952); State ex rel. Davis v. Ellison, 276 Mo. 642, 208 S.W. 439 (1918) and State ex rel. Nicholson v. McLaughlin, 170 S.W.2d 705 (Mo. App.1943). As indicated by the following exceptions this rule, however, has not been uniformly followed. When the claim of the second suit filed would have been a compulsory counterclaim to the first suit filed, the court where the petition was first filed acquired exclusive jurisdiction. State ex rel. Davis v. Moss, 392 S.W.2d 260 (Mo.1965). Note also the exception ruled in Leavitt v. Lamb, infra.

On April 12, 1972, this court amended Supreme Court Rule 53.01 to read as follows: "A civil action is commenced by filing a petition with the court." The amended rule became effective December 1, 1972.

Relator in her brief contends that the amendment to Rule 53.01 is not relevant because it pertains to when a suit is commenced and not to when it becomes "pending" as that term is used in Supreme Court Rule 55.27(a)(10). We do not find that argument persuasive. The report of the Advisory Committee on Rules submitted to this court prior to the amendment of Rule 53.01 reads as follows:

"This is Federal Rule 3 with the term 'complaint' changed to 'petition.'

"There are at least four situations in which the time the civil action begins is important:

"1. Statute of limitation cases. Most of the cases are in this category. See Continental Electric Co. v. Ebco, Inc., 375 S.W.2d 134 (Mo.1965).

"2. Partition suits. These cases usually involve a quarrel as to which attorney receives the attorney fee. See Leavitt v. Lamb, 77 S.W.2d 505 (Mo.App.1934).

"3. *Divorce cases in which one party files in one county and the other party in another.*

"4. Cases involving compulsory counterclaims and actions are filed in two courts.

"Cases under the present rule probably consistently hold that the civil action commences when filed if service is immediately made on the defendant. But when there is a delay in service for some reason or other there seems to be inconsistency. In Continental Electric Co. v. Ebco, Inc., supra, a statute of limitations case, the action was held to have commenced when service was secured while in Leavitt v. Lamb, supra, a partition suit, the court said the action commenced when the petition was filed.

"There are two reasons why the committee recommends a change in the present rule and the adoption of the federal rule:

"1. To remove the inconsistency in the present case law.

"2. The bar and litigants are benefitted by uniformity in the two procedural systems which govern the assertion of their rights. If there were strong state policy reasons for retaining the present rule this would override the benefits of uniformity. The committee does not find any strong state policy reasons in this situation." (emphasis ours).

Wright and Miller, Federal Practice and Procedure: Civil § 1051 sets forth the purpose of Rule 3 as follows: "The theory of Rule 3 is that a law suit is a matter of public record and that certainty with regard to fixing the time a suit is instituted is valuable for a number of purposes. For example, establishing the date of commencement is important for determining whether the action has been brought prematurely; whether it is barred by the applicable statute of limitations or by laches; *which of two or more courts in which actions involving the same parties and issues have been instituted should retain the case*

*for disposition* absent special considerations, . . . ." (emphasis ours).

 Though not controlling in this state, the federal decisions construing the federal rule should be considered. Cases holding the rule decisive of the issue when two suits are filed in courts of concurrent jurisdiction, and that the one whose jurisdiction is first invoked by the filing of the complaint has authority to proceed include Barber-Greene Company v. Blaw-Knox Co., 239 F.2d 774 (6th Cir. 1957); Establissements Henry-Le Paute v. American Greiner El., 172 F.Supp. 228 (D.Conn. 1959) and Product Engineering and Manufacturing, Inc. v. Barnes, 424 F.2d 42 (10th Cir. 1970).

Our conclusion is also supported by Hunt v. Ganaway, 180 So.2d 495 (Fla. App.1965), cert. den'd, 188 So.2d 806 (Fla. 1965). Florida formerly followed the rule that "in case of conflict between courts of concurrent jurisdiction the one first exercising jurisdiction acquires control to the exclusion of other and jurisdiction attaches when summons is served." Martinez v. Martinez, 153 Fla. 753, 15 So.2d 842 (1943). Subsequent to the Martinez decision and prior to the Hunt case, the Florida Supreme Court promulgated a rule based on Federal Rule 3. In Hunt, the court held the new rule to be decisive and that the court wherein a petition was first filed acquired exclusive jurisdiction.

The uncertainty possible under the rule that a suit does not become pending until process has been served is amply demonstrated by the facts of the instant case. Such uncertainty is substantially eliminated by Rule 53.01. Further, uniformity with the federal practice is gained and the inconsistency existing under the previous decisions on this question is eliminated. We accordingly hold that the earlier filing of the petition in the Circuit Court of Buchanan County invoked the jurisdiction of that court over the subject matter of his litigation. Respondent therefore properly overruled relator's motion to dismiss.

The cases heretofore cited as supporting the general rule which was applicable prior to adoption of amended Rule 53.01 should no longer be followed.

The rule we have adopted should not result in any undue delay in obtaining service of process. Rule 54.01 provides that upon the filing of the petition the clerk shall forthwith issue the summons and deliver it to the sheriff. Additionally, Rule 54.21 provides that the officer shall serve the same and make return of service promptly; that if process cannot be served it shall be returned to the court within 30 days and that the time for service may be extended for not more than 90 days from date of issue by order of the court.

The provisional rule in prohibition should be discharged. It is so ordered.

DONNELLY, C. J., and SEILER, MORGAN, HENLEY and FINCH, JJ., concur.

BARDGETT, J., concurs in result.