Robert L. SLACK and Torrey D. Slack, an Infant, by Robert L. Slack, Next Friend, Plaintiffs-Appellants,

v.

Larry N. ENGLERT, Wilfrid A. Meyer, Howard A. Borcherding and Oren Borcherding, Defendants-Respondents.

No. 42559.

Missouri Court of Appeals,
Eastern District,
Division One.

April 14, 1981.

Motion for Rehearing and/or Transfer to Supreme Court Denied May 15, 1981.

Application to Transfer Denied
July 14, 1981.

C. Christy Barton, Barton & Waltz, Jefferson City, for plaintiffs-appellants.

Walter D. McQuie, Jr., Montgomery City, John E. Burruss, Hendren & Andrae, Jefferson City, David Oliver, Columbia, for defendants-respondents.

DOWD, Judge.

This is an appeal from an order of dismissal entered by the Gasconade County Circuit Court which sustained defendants-respondents' motion to dismiss plaintiffs-appellants' wrongful death action for failure to commence the action within the applicable limitation period. We reverse and remand.

Plaintiffs-appellants are the surviving spouse and all of the minor children of Susan D. Slack who died on July 15, 1978. Decedent was also survived by her mother. Pursuant to Section 537.080 RSMo 1978, appellants were required to commence their action within one year after the death of Susan D. Slack.[1] *State ex rel. Kansas City Stock Yards v. Clark*, 536 S.W.2d 142 (Mo. banc 1976); *Selsor v. Zenith Radio Corp.*, 536 S.W.2d 157 (Mo. banc 1976). Appellants filed their petition on July 13, 1979. Shortly after the petition had been filed appellants' attorney telephoned the circuit clerk and requested that summonses not be served immediately on respondents. The clerk's office issued the summonses on July

1. Section 537.080 has been amended recently by the Laws of 1979.

19, 1979, and the summonses were served on all respondents by July 24, 1979.

The basis for the trial court's dismissal was that appellants' action was not commenced by the timely filing of their petition when appellants' attorney requested that the circuit clerk not deliver the summonses to the sheriff for service.

The circuit clerk and appellants' attorney testified at a hearing on respondents' motions to dismiss. It was established that the petition was delivered by appellant, Mr. Slack, to the clerk's office on July 13, 1979. The petition was accompanied by a letter informing the circuit clerk that the statute of limitations on this suit expired July 15, 1979, and that it was "imperative that this suit be filed of record as of today (Friday, July 13)." The circuit clerk stamped the petition "Filed." Approximately one-half hour after the petition was delivered the circuit clerk received a telephone call from appellants' attorney, Mr. Barton. The circuit clerk testified that Barton wanted to know if the petition had been filed. Barton mentioned that settlement negotiations were underway and that it was not necessary to deliver the summonses immediately to the sheriff because he (Barton) believed that there would be a settlement forthcoming. Barton told the circuit clerk to hold up getting the summonses to the sheriff. The circuit clerk waited until July 19, 1979 to deliver them to the sheriff. The summonses were also issued on that date.

Barton testified that some three hours before he called the circuit clerk he had received a substantially increased settlement offer from an insurance company adjuster handling the settlement negotiations for all of the respondents in this case. Barton testified that he knew he could not contact appellant, Mr. Slack, on this day and requested the circuit clerk "to go ahead and issue the summons, but to hold the summons and the service copy of the petition and not deliver them to the sheriff until approximately Wednesday [July 18, 1979] of next week to give us an opportunity to see if the settlement negotiations could terminate the matter and, therefore,

would not need to involve the actual service of the process and the involving of the insurance companies in the case." In short, Barton asked the circuit clerk to issue the summonses but not to deliver them to the sheriff for service until July 18, 1979, which was after the one year statutory period. As noted earlier, the summonses were issued and delivered to the sheriff on July 19, 1979.

We first consider whether appellants' wrongful death action was commenced upon the filing of their petition on July 13, 1979, notwithstanding the subsequent request by appellants' attorney to the circuit clerk concerning delivery of the summonses. Rule 53.01, effective since December 1, 1972, provides as follows: "A civil action is commenced by filing a petition with the court." In addition, Rule 54.01 provides that upon the filing of the petition the clerk shall forthwith issue the summons and deliver it to the sheriff.

Appellants contend that the filing of their petition on July 13, 1979, constituted the commencement of their action within the statutory period. Respondents, relying on several cases decided before the adoption of present Rule 53.01, contend that the concept of commencement of a suit upon filing is qualified when the plaintiff timely filed suit but actively obstructed the service of process until the limitation period had passed.

Former Rule 53.01, in relevant part, provided: "Civil actions may be instituted . . . by filing in the office of the clerk of the proper court a petition . . . and suing out thereon a writ of summons . . . . The filing of a petition and suing out of process therein shall be deemed the commencement of a civil action." Thus, adoption of amended Rule 53.01 resulted in the elimination of the "suing out of process" language. The effect of the amendment of Rule 53.01 was considered in *State ex rel. Kincannon v. Schoenlaub*, 521 S.W.2d 391 (Mo. banc 1975). *Schoenlaub* involved a jurisdictional issue arising from the filing of divorce actions by both parties in different counties. In examining the purpose of amended Rule 53.01,

the court quoted from the report of the Advisory Committee on Rules which read, in part, as follows:

"This is Federal Rule 3 with the term 'complaint' changed to 'petition.'

There are at least four situations in which the time the civil action begins is important:

1. Statute of limitations cases. Most of the cases are in this category. See *Continental Electric Co. v. Ebco, Inc.*, 375 S.W.2d 134 (Mo.1964).

\* \* \* \* \* \*

Cases under the present rule probably consistently hold that the civil action commences when filed if service is immediately made on the defendant. But when there is a delay in service for some reason or other there seems to be inconsistency. In *Continental Electric Co. v. Ebco, Inc.*, supra, a statute of limitations case, the action was held to have commenced when service was secured while in *Leavitt v. Lamb*, supra, a partition suit, the court said the action commenced when the petition was filed.

There are two reasons why the committee recommends a change in the present rule and the adoption of the federal rule:

1. To remove the inconsistency in the present case law.

2. The bar and litigants are benefitted by uniformity in the two procedural systems which govern the assertion of their rights. If there were strong state policy reasons for retaining the present rule this would override the benefits of uniformity. The committee does not find any strong state policy reasons in this situation."

521 S.W.2d at 393–394.

The court in *Schoenlaub* noted that while the federal decisions construing the federal rule are not controlling in this state, they should be considered. Federal cases have construed the federal rule literally, holding that a statute of limitations is tolled merely by filing of the complaint. *United States v. Wahl*, 583 F.2d 285 (6th Cir. 1978); *Moore Co. of Sikeston, Mo. v. Sid Richardson Carbon & Gas. Co.*, 347 F.2d 921 (8th Cir. 1965); *Alford v. Whitsel*, 52 F.R.D. 327 (E.D.Miss. 1971). In addition, federal decisions have held that the timely filing of the complaint constituted commencement even when the complaint was accompanied by a request to withhold issuance of summons. *Jackson v. Duke*, 259 F.2d 3 (5th Cir. 1958); *C. J. Wieland & Son Dairy Products Co. v. Wickard*, 4 F.R.D. 250 (E.D.Wis.1945).

Respondents argue that when a petition has been filed but process or service is withheld by plaintiff the action does not commence until the obstruction is removed, citing *Green v. Ferguson*, 184 S.W.2d 790, (Mo.App.1945); *Hill-Behan Lumber Co. v. Sellers*, 149 S.W.2d 465 (Mo.App.1941); *Franz v. Radeackar*, 264 S.W. 97 (Mo.App. 1924). These cases were all decided prior to the 1972 amendment of Rule 53.01. In *Green*, the petition was filed with a request by plaintiff's attorney to the clerk to not issue the summons until contacted by the attorney at some future time. The plaintiffs in *Franz* also accompanied their petition with a request to withhold issuance of the summons until they could ascertain whether an agreement could be reached with their adversaries. In both cases the summonses were issued more than seven months after filing. In *Hill-Behan Lumber Co.*, the summons was returned unexecuted by order of plaintiff's attorney. Thereafter, several summonses were issued and returned "not found." Service was eventually accomplished by publication some six years from the time the petition had been filed.

While there was recognition of the principle that obstruction in the issuance of summons or service delayed commencement in cases decided before the adoption of present Rule 53.01, this principle was not uniformly followed. In *Leavitt v. Lamb*, 77 S.W.2d 505 (Mo.App.1934) a petition was filed by a Mr. Leavitt with a request to the clerk to withhold issuing process. Thereafter, a defendant in this action filed his own petition and had process issued before Leavitt directed the clerk to issue process in his action. The court held that under the particular facts of this case the action brought by

Leavitt was instituted first even though the obstruction to process was not removed until after process had issued in the other action.

 We do not believe that the cases relied on by respondents, which were all decided before the adoption of present Rule 53.01, are controlling in the present case. Here the petition was timely filed but appellants' attorney asked the circuit clerk to withhold delivery of the summonses for a period of five days due to a belief that a settlement agreement between the parties was imminent. This case did not involve a lengthy delay in issuance of summons or the failure to exercise due diligence in obtaining service of process. Under these circumstances, and in light of the amendment of Rule 53.01 together with the federal decisions construing the similar federal rule we hold that appellants' action was commenced within the statutory period despite the subsequent request by appellants' attorney.

Respondents final contention on this appeal is that since the limitations period in the wrongful death statute is a substantive right, the Missouri Supreme Court had no authority "to change the effect of the statute of limitations provision" by the adoption of present Rule 53.01. The Missouri Supreme Court may establish rules of practice and procedure but may not change substantive rights. Missouri Constitution, Article V, Section 5. Respondents argue that the adoption of Rule 53.01 operated to change substantive rights. On this contention, we need only say that the commencement of action provision provided in Rule 53.01 is a matter of procedure.

This action for wrongful death was brought under Section 537.080–537.100 RSMo 1978. Respondents note that the limitation periods of death statutes have been recognized as matters of substantive right. *Crenshaw v. Great Central Ins. Co.,* 527 S.W.2d 1, 4 (Mo.App.1975). While the statutes governing wrongful death actions specify a limitation period, they do not specify any procedure for the commencement of an action. We believe the question of commencement, therefore, is governed by the procedural statutes and rules applicable to civil actions. The adoption of present Rule 53.01 prescribed the method of commencing a civil action and did not operate to change substantive rights. Respondents final contention is without merit.

Reversed and remanded.

STEPHAN, P. J., and STEWART, J., concur.