**TRI–CITY CONSTRUCTION COMPANY, Appellant,**

v.

**A.C. KIRKWOOD AND ASSOCIATES, Respondent.**

**No. WD 38950.**

Missouri Court of Appeals, Western District.

Oct. 27, 1987.

Charles R. Svoboda, Kansas City, for appellant.

Kenneth O. Smith, Kansas City, for respondent.

Before SHANGLER, P.J., and PRITCHARD and CLARK, JJ.

CLARK, Judge.

This suit presented a dispute between a construction contractor, Tri–City Construction Company, and a firm of professional engineers, A.C. Kirkwood and Associates, over the design, supervision and installation of a waste water system for the city of Coffeyville, Kansas. The issues on appeal are whether summary judgment granted to Kirkwood was appropriate either because the statute of limitations barred Tri–City's claim or, because a release given by Tri–City to the city of Coffeyville also operated to release claims against Kirkwood.

The facts applicable to the questions of the limitations statute and the release were not in dispute, the only issues being matters of law.

Kirkwood was employed by the city of Coffeyville, as design engineer, to prepare plans for improvements to the city of Coffeyville's waste water system and to act for the city in processing contractors' bids and in supervising the work for contract compliance. The contract for construction was awarded to Tri–City December 10, 1980 and work commenced March 1, 1981. On June 21, 1982, the city notified Tri–City that its rights to continue on the job were terminated, there having been various dis-

putes earlier over the nature and extent of Tri–City's performance.

The rights and obligations between Tri–City and the city of Coffeyville under the terminated contract remained a subject of controversy and resulted in a suit and counterclaim filed in the State of Kansas. That action, which did not involve Kirkwood as a named party, was settled in April, 1984. The city of Coffeyville paid Tri–City $975,000.00 and Tri–City executed a release of claims against the city of Coffeyville and "its officials, officers, agents and employees." Tri–City reserved any claims it might have against anyone other than the persons and entities described in the release.

Some twenty days later, Tri–City commenced this suit against Kirkwood. On May 16, 1984, the petition was filed alleging that Kirkwood was negligent in its administration of the construction contract and that the plans for the construction failed to satisfy an implied warranty of fitness. Liberally construed, the petition substantively contended that the problems Tri–City encountered in performing its contract with the city of Coffeyville were attributable to a failure by Kirkwood to resolve disputes, process change orders and submit pay estimates as the job was in progress and to various deficiencies in the original plans and specifications prepared by Kirkwood.

Kirkwood moved for summary judgment and Tri–City was permitted to file an amended petition. In that petition, filed May 12, 1986, Tri–City undertook to plead a contract theory as third party beneficiary of the agreement between Kirkwood and the city of Coffeyville. It also restated the original claim that Kirkwood had breached an implied warranty of fitness in the plans it prepared. The motion for summary judgment was renewed and the court granted judgment in favor of Kirkwood.

The two grounds Kirkwood relied on for entry of summary judgment were: (1) Tri–City's cause of action, whether in tort or contract, was barred under the Kansas statute of limitations; and (2) Kirkwood was released from liability when Tri–City settled its claims with the city of Coffeyville because Kirkwood was an agent of the city in dealings with Tri–City during the construction of the waste water system. The trial court did not indicate in its entry of summary judgment which ground was adopted as a basis for its ruling. The two subjects will therefore be considered separately here, applying the doctrine that the trial court's judgment must be affirmed if it is sustainable on any theory as a matter of law. *City of Wright City v. Cencom of Eastern Missouri, Inc.*, 699 S.W.2d 41, 42 (Mo.App.1985).

### THE STATUTE OF LIMITATIONS

■ Tri–City and Kirkwood are both Missouri corporations and each maintains its office in Missouri. With respect to the contracts between Tri–City and the city of Coffeyville and between Kirkwood and the city of Coffeyville, however, all work was to be performed in Kansas where the construction project was located. Under the petition allegations, the negligent acts or omissions of Kirkwood, if any, and any breach of a contract obligation occurred in Kansas. It follows, of necessity, that monetary losses suffered by Tri–City must have been sustained in Kansas where Tri–City performed the extra work and uncompensated work comprising the damages sought.

■ A cause of action accrues when and where the damages are sustained and are capable of ascertainment. *Elmore v. Owens–Illinois, Inc.*, 673 S.W.2d 434, 436 (Mo. banc 1984). Under the facts pleaded in Tri–City's petition, its cause of action accrued in Kansas because its damages were sustained there. The limitation period for commencement of suit against Kirkwood is therefore determined by Kansas law. That law operates to govern Tri–City's right to maintain this action. If the cause of action was barred under the Kansas limitation statute, then that limitation is a complete defense to any action brought in Missouri. Section 516.190, RSMo 1986. Where the statute of limitations of another state is borrowed under § 516.190, *supra,* the effect is to make as Missouri's own the

law of the foreign state including the decisions of that state interpreting and applying the law. *Bowling v. S.S. Kresge Co.,* 431 S.W.2d 191, 193 (Mo.1968).

The Kansas limitation statutes are K.S.A. § 60–512 (1983) which provides a limitation of three years for filing actions on contract and K.S.A. § 60–513 (1983) which allows two years to bring an action for injury to the rights of another not arising on contract. Under Kansas law, a cause of action accrues as soon as the right to maintain a legal action arises. The true test is at what time the plaintiff could first have filed and prosecuted his action successfully. *Chavez v. Saums,* 1 Kan.App.2d 564, 565–66, 571 P.2d 62, 64 (1977); *Yeager v. National Cooperative Refinery Association,* 205 Kan. 504, 512–13, 470 P.2d 797, 803 (1970).

The latest date on which Tri–City's cause of action against Kirkwood could have accrued was June 18, 1982, the last date on which Tri–City performed any work in connection with the water system project. Under Kansas law, Tri–City had until June 18, 1985 in which to bring suit against Kirkwood if the claim were upon a contract, but only until June 18, 1984 if the cause of action were in tort.

Tri–City filed two petitions in this case, the first on May 16, 1984 and an amended petition on May 12, 1986. The latter filing was plainly beyond any period allowed by the Kansas statute and therefore the timeliness of the action is to be determined with reference to the first petition. The allegations made in the first petition dwelt upon the negligence of Kirkwood. Tri–City does not contest the classification of the cause of action asserted as sounding in tort and therefore it is subject to the Kansas limitation period of two years.

The date on which the first petition was filed was within the two year limitation (May 16, 1984 vis-a-vis June 18, 1984), but concurrently with the filing of the petition, the court clerk was instructed to withhold summons and service of process until further notice. On June 25, 1984, the clerk received instructions by letter from Tri–City to issue the summons. Service on

Kirkwood was made July 3, 1984. Thus, when Tri–City ordered out process on its suit, the limitation period for commencing the action had expired.

■ The issue to be determined with respect to the statute of limitations is whether the filing of the suit with instructions that service of process on the defendant not be attempted was sufficient to commence the lawsuit and toll the statute. This is a matter of procedure and is governed by Missouri law. *State of Kansas ex rel. American Steel Works v. Hartford Accident & Indemnity Co.,* 426 S.W.2d 720, 723 (Mo.App.1968).

Rule 53.01 reads, "A civil action is commenced by filing a petition with the court." This rule must be read in conjunction with the next following rule, Rule 54.01, which states, "Upon the filing of the petition, the clerk shall forthwith issue the required summons * * * and deliver it for service to the sheriff * * *." Commencement of suit under the rules therefore contemplates not only the filing of the petition, but issuance of a summons and delivery of the papers to the sheriff for service. Where instructions are given which interdict this procedure, the suit is not commenced within the contemplation of the rules.

A number of Missouri decisions have dealt with the question of what conditions must be met to toll a statute of limitations by the commencement of suit. In most, such as *Votaw v. Schmittgens,* 538 S.W.2d 884, 886 (Mo.App.1976), the statement is made that the running of the statute is conditionally halted by the filing of a petition and the issuance of summons, conjunctive events corresponding to the two stages described in the rules. Quite apparently, if summons is withheld, the cause will never advance, there is no prospect for a judgment on the controversy under any circumstance and the cause, so far as the defendant is concerned, is as dormant as though the petition lay unfiled in the office of the plaintiff's attorney.

Even in cases where summons was issued, it is a further requirement for tolling the statute of limitations that plaintiff exercise due diligence in obtaining service of

process on the defendant. It is well settled in Missouri that where the facts show a delay between the filing of the petition and the eventual service of process on the defendant, there is a lack of due diligence and the statute is not tolled. *U.S. Laminating Corp. v. Consolidated Freightways Corp.*, 716 S.W.2d 847, 849 (Mo.App.1986), and cases there cited. Instructions that the clerk not issue a summons necessarily establish a lack of due diligence because in that circumstance any possibility for service has been peremptorily foreclosed.

Tri–City argues for adoption of a standard which deems the limitation tolled merely by the filing of a petition and cites *State ex rel. Kincannon v. Schoenlaub*, 521 S.W.2d 391 (Mo. banc 1975). In that case, the issue was which circuit court in Missouri first acquired jurisdiction over a divorce action when the husband and wife each commenced suit in a different county. The case is of doubtful value as precedent in a statute of limitations context but, if so, it is of no aid to Tri–City because the opinion explicitly relies on compliance with Rule 54.01 providing that summons issue forthwith upon the filing of the petition.

Many of the cases addressing the question of due diligence involve facts showing various times of delay and mitigating circumstances. In general, it may fairly be stated that reasons for delay are appropriately considered on a case by case basis, that there is no absolute time limitation to be applied in every case and that the question of what may or may not constitute diligence in procuring service of process is a matter for the trial court to determine.[1] From the action taken by the judge here in granting summary judgment in response to a motion which raised the defense of the statute of limitations, it must be assumed the delay in ordering issuance of summons was found not to have evidenced due diligence.

In summary, it is held that Tri–City's claim set out in the petition filed May 16, 1984 was barred by the statute of limitations which expired before service of process was ordered or accomplished on Kirkwood. The cause is so ruled, first, because an order to withhold issuance of summons defers commencement of the action until countermanded and the running of the statute of limitations in the interval operates as a complete defense to the suit. Second, an order directing the clerk not to issue a summons is prima facie proof of lack of due diligence in procuring service of process and therefore the date of filing the petition does not control in determining when the statute of limitations has run. Finally, it is to be presumed that the trial judge decided on the facts presented that Tri–City had not exercised due diligence in procuring service of summons after suit was filed and on appellate review, we defer to the trial court's findings on the issue.

## THE RELEASE

■ The entry of summary judgment in favor of Kirkwood may, as indicated earlier, have been premised on the ground of the release which Tri–City gave in return for payment made by the city of Coffeyville. This basis is considered as an alternative and additional ground for affirmance of the trial court's judgment.

The pertinent part of the release, after referring to the construction contracts between Tri–City and the city of Coffeyville, reads:

> [I]n consideration of the sum of Nine Hundred Seventy–Five Thousand Dollars ($975,000.00) paid by the City of Coffeyville to Tri–City Construction Company, ... Tri–City Construction Company does hereby fully, finally and forever release the City of Coffeyville, its officers, officials and employees from any and all claims, whether in tort, breach of con-

---

1. Tri–City cites *Slack v. Englert,* 617 S.W.2d 483 (Mo.App.1981), in which plaintiff requested that summons be withheld. The appellate court reversed a ruling by the trial court on the issue of due diligence. *Slack* is not cited in *U.S. Laminating Corp.* nor does *Slack* cite any of the cases relied on in *U.S. Laminating Corp.* The authori-

ties relied on in *Slack* are *Schoenlaub*, the divorce case, and federal decisions. To the extent *Slack* may not be in accord with the views expressed in this opinion, in *U.S. Laminating Corp.* and in the cases there cited, we disagree with *Slack* and decline to follow it as precedent.

tract, under the contract, damages for termination, or for losses of any kind arising out of said contract plans and specifications and the work performed and to be performed thereunder,....

....

It is understood and agreed that it is the intent of all parties that this settlement is a full settlement, release and compromise ... of the claims of Tri–City Construction Company against the City of Coffeyville, its officials, officers, agents and employees. ... Tri–City Construction Company expressly reserves any and all rights it has against anyone other than the City of Coffeyville, its officers, officials, agents and employees.

Kirkwood contended in its motion for summary judgment that it was an agent of the city of Coffeyville in all transactions which involved Tri–City and that it was released by the settlement document. Tri–City argues that Kirkwood was an independent contractor and was therefore not a party included in the language of the release.

The engineering service contract between the city of Coffeyville and Kirkwood was entered into approximately eighteen months before Tri–City was engaged as contractor. In the construction contract between the city of Coffeyville and Tri–City, the relationship between Kirkwood and the city as one of agent and principal was specified as is indicated in the following extract from that contract:

The Engineer acts as engineering representative of the owner. As such he [Kirkwood] has general authority to review, observe and approve or disapprove data, material, equipment and services submitted and/or furnished by the Contractor, and in general, to direct his efforts toward providing assurance for the Owner that the completed project will conform to the requirements of the contract documents. In behalf of the Owner, the Engineer may determine the amount, quality, acceptability, and fitness of the materials, equipment, and services rendered under these contract documents. He will interpret the con-

tract documents and decide questions arising as to the intent. Except as herein specified, the Engineer and his representatives will not be responsible for the Contractor's means, methods, techniques, sequences or procedures of construction, or the safety precautions and programs incident thereto, and he will not be responsible for the Contractor's failure to perform the work in accordance with the contract documents. The Engineer will not be responsible for the acts or omissions of the Contractor, or any subcontractors, nor any of his or their agents or employees, nor any other persons at the site or otherwise performing any of the work. Neither does the Engineer assume the authority to obligate the Owner to monetary commitments or fundamental changes to the scope of the contract. Although the Engineer will advise the Owner on such matters, specific commitments to the Contractor or official directives to the Contractor or contractor personnel shall be issued by the Owner's designated project representative. Directives issued directly by the Engineer or his representative are only advisory and are not binding upon the Contractor until acknowledged and supported by the Owner.

In further support of the motion, Kirkwood offered an affidavit by the attorney who represented the city of Coffeyville in connection with the waste water improvement project verifying that Kirkwood worked for the city under the referenced contract and that inclusion of the word "agent" in the release signed by Tri–City was at the request of the city of Coffeyville. Tri–City countered the motion only with an affidavit by Tri–City's president which set out no facts relevant to the question of Kirkwood's status as the agent of the city of Coffeyville.

█ The validity of a contract of release as a defense to an action in tort is governed by the law of the state that created or gave rise to the right released. *Nelson v. Browning*, 391 S.W.2d 873, 879 (Mo.1965). In this case, it is the law of Kansas which determines whether Kirkwood was re-

leased as an agent of the city of Coffeyville.

 The determination of what constitutes agency and whether there is any competent evidence reasonably tending to prove the existence of agency is a question of law. *Professional Lens Plan, Inc. v. Polaris Leasing Corp.,* 238 Kan. 384, 390–91, 710 P.2d 1297, 1303 (1985); *Dowling v. Southwestern Porcelain, Inc.,* 237 Kan. 536, 544–45, 701 P.2d 954, 961 (1985). This rule is especially applicable where there are no conflicts in the evidence. *See Hinton v. S.S. Kresge Co.,* 3 Kan.App.2d 29, 34–35, 592 P.2d 471, 476 (1978). Agency is a fiduciary relationship which results from the consent by one person, the principal, to another, the agent, for the agent to act on the principal's behalf and subject to the principal's control. Restatement (Second) of Agency § 1 (1957). An independent contractor is one who contracts with another to do something for him but is not controlled by the other nor subject to the other's control with respect to his physical conduct in the performance of the undertaking. *Id.* at § 2. One who contracts to act on behalf of another and subject to the other's control except with respect to his physical conduct is an agent and also an independent contractor. *Id.* at § 14 N. If the independent contractor has a fiduciary obligation to the contracting party, an agency is established. *Id.* at comments a. and b. *See First National Bank and Trust Co. v. Sidwell Corp.,* 234 Kan. 867, 871–72, 678 P.2d 118, 124 (1984).

The only evidence bearing on the subject of the relationship between Kirkwood and the city of Coffeyville established that Kirkwood was an independent contractor to the extent it supplied professional engineering services, but Kirkwood was, at the same time, the city's agent because the acts of Kirkwood were subject to the direction and control of the city. This was particularly true in matters which involved Tri–City where Kirkwood acted as intermediary in assuring that Tri–City performed its contract obligations. Kirkwood was the agent of the city in its dealings with Tri–City and was therefore included within the terms of the release executed by Tri–City. The release constitutes a defense to the present suit and supports entry of summary judgment in favor of Kirkwood.

The judgment is affirmed.

All concur.