STATE of Missouri ex rel. Robert C.
BLACKBURN, Relator,

v.

The Honorable L. Thomas ELLISTON,
Judge of the Circuit Court of Jasper
County, Missouri, Division II, Respondent.

No. 16885.

Missouri Court of Appeals,
Southern District,
Division One.

Sept. 24, 1990.

Walter E. Williams, Joplin, for relator.

Edward G. Farmer, Jr., Joplin, for respondent.

CROW, Judge.

This original proceeding in prohibition arises from the effort of Robert C. Blackburn ("relator") to obtain a change of judge in a proceeding against him by his ex-wife wherein she seeks modification of the decree that dissolved their marriage. The pertinent facts are undisputed.

The dissolution decree was entered in November, 1982, in the Circuit Court of Jasper County by The Honorable L. Thomas Elliston, a circuit judge of that Court. The decree awarded custody of the parties' only child to the mother, Kimberly Lynn Blackburn ("Kimberly") and ordered relator to pay Kimberly $30 per week child support. The decree contained an elaborate provision for "visitation" with the child by relator.

On Friday, January 12, 1990, Kimberly filed in the Circuit Court of Jasper County a motion to modify the dissolution decree. The motion prayed, *inter alia,* that the child support be increased to $450 per month and that the court "enter an order detailing specific visitation times and dates and ... defining definite custody rights" of relator.

On Tuesday, January 16, 1990, the Clerk of the Circuit Court issued a summons to relator. The summons, together with a copy of Kimberly's motion to modify, was served on relator the next day.

On February 15, 1990, relator filed in the Circuit Court of Jasper County a "reply" to the motion to modify, a request for change of judge from Judge Elliston, and a notice that the request would be called up for hearing February 26, 1990.

On February 16, 1990, the day after the request for change of judge was filed, Judge Elliston, without a hearing, made the

following entry on the docket sheet: "Change of Judge denied as not in accordance with the Rules."

On March 9, 1990, relator filed in the Circuit Court of Jasper County a motion for reconsideration of his application for change of judge, together with a notice that it would be called up for hearing March 28, 1990.

Judge Elliston, without a hearing, denied the motion for reconsideration the day it was filed and set the modification proceeding for trial March 28, 1990.

On March 20, 1990, relator commenced the instant prohibition proceeding in this Court against Judge Elliston ("respondent"), praying for a writ commanding respondent to refrain from proceeding further in the modification proceeding and to grant the application for change of judge.

We issued a preliminary order in prohibition,[1] respondent filed a timely answer, and the parties thereafter filed their respective briefs.

Rule 51.05[2] governs applications for change of judge in civil actions and provides, in pertinent part:

"(b) The application must be filed within thirty days after the answer is due to be filed if the trial judge is designated at the time the answer is due. If no answer is required to be filed, the application must be filed no later than thirty days after the filing of the civil action...."

Section 452.311[3] states:

"A petition is not filed within the meaning of supreme court rule 53.01[4] in any cause of action authorized by the provisions of chapter 452, unless a summons is issued forthwith as required by supreme court rule 54.01."

As reported earlier, Kimberly's motion for modification in the underlying case seeks an order increasing the child support, detailing specific times and dates for relator's visitation, and defining his custody rights. Modification of the provisions of a dissolution decree respecting child support is authorized by § 452.370; modification of a noncustodial parent's visitation rights is authorized by § 452.400; modification of a custody decree is authorized by § 452.410, RSMo 1986.

As the modifications Kimberly seeks are authorized by provisions of chapter 452, § 452.311 applies in determining whether relator's application for change of judge was timely.

Rule 54.01, referred to in § 452.311, states:

"Upon the filing of the petition, the clerk shall forthwith issue the required summons or other process, and, unless otherwise provided, deliver it for service to the sheriff or other person specially appointed to serve it...."

"Forthwith" is defined in Webster's Third New International Dictionary, G. & C. Merriam Co. (1976), as follows: "1: with dispatch: without delay: within a reasonable time ...: immediately 2: immediately

---

**1.** Relator had also filed in the Circuit Court of Jasper County a request that respondent disqualify himself pursuant to Rule 2, Code of Judicial Conduct, Canon 3 C(1), averring that relator's lawyer had testified before the Commission on Retirement, Removal and Discipline in a proceeding that resulted in respondent being suspended from judicial office for 15 days without pay. *Matter of Elliston*, 789 S.W.2d 469 (Mo. banc 1990). Prior to issuing our preliminary order in prohibition we instructed respondent to hear and determine the request for disqualification. Respondent conducted an evidentiary hearing at which relator testified he was fearful that his lawyer's testimony in the disciplinary proceeding would bias respondent against him, and if a change of judge was not granted he (relator) would have to hire a different lawyer. Although the merits of the motion for modification were not pertinent to the dis-

qualification issue, respondent alluded to new Rule 88 on child support and remarked, "So there's not much, there's not going to be much to this, anyhow." Respondent then declared he was not biased against relator or relator's lawyer and denied the request for disqualification.

**2.** Rule references are to Missouri Rules of Civil Procedure (1990).

**3.** References to statutes are to RSMo Cum.Supp. 1989, except where otherwise indicated. Section 452.311 was enacted at the First Extraordinary Session, Eighty-fifth General Assembly, Laws of Missouri, 1989, S.S.H.B. 2, § 7, pp. 1164–71, and took effect July 27, 1989.

**4.** Rule 53.01 states: "A civil action is commenced by filing a petition with the court."

after some preceding event: thereupon...."

In the underlying case, as we have seen, Kimberly's motion for modification was received by the Clerk of the Circuit Court January 12, 1990, but the summons was not issued until January 16, 1990, a delay of four days.

█ We recognize there was an intervening Saturday (January 13), Sunday (January 14), and holiday (January 15, Martin Luther King Day, § 9.020, RSMo 1986). That, however, provides little solace to relator. Rule 51.05(b) allowed him only 30 days after the "filing" of Kimberly's motion for modification to apply for a change of judge.[5] If Kimberly's motion to modify be considered filed as of January 12, 1990, three of relator's 30 days (January 13–15) had already passed before the summons was issued. Absent § 452.311 (quoted earlier), such would be the circumstances.

Section 452.311, however, commands a different result. It clearly applies to Kimberly's motion for modification, as it applies to any cause of action authorized by the provisions of chapter 452. It provides that in any such action a petition is not filed within the meaning of Rule 53.01 "unless a summons is issued forthwith" as required by Rule 54.01. The latter rule (quoted earlier) provides that upon the filing of the petition the clerk shall forthwith issue the required summons or other process.

Words used in statutes are to be considered in their plain and ordinary meaning in order to ascertain the intent of the lawmakers. *Donahue v. City of St. Louis,* 758 S.W.2d 50, 52[1] (Mo. banc 1988).

Giving § 452.311 its plain and ordinary meaning, we hold the General Assembly intended in circumstances such as these that the motion for modification should not be deemed filed any earlier than January 16, 1990, the date summons was issued. To hold otherwise would render the statute meaningless.

February 15, 1990, the day relator filed his application for change of judge, was day number 30 following January 16, 1990. Rule 44.01(a). The application was therefore filed "no later than thirty days after the filing of the civil action" as required by Rule 51.05(b), and was timely.

█ If a party entitled to a change of judge under Rule 51.05 presents a timely application it must be granted.[6] *Farnsworth v. Wee,* 720 S.W.2d 409, 411[2] (Mo. App.1986); *West v. Moran,* 586 S.W.2d 68, 69–70[1] (Mo.App.1979). If a judge fails to grant a timely application for change of judge he is without jurisdiction to proceed further in the case and prohibition lies. *State ex rel. Raack v. Kohn,* 720 S.W.2d 941, 943[2] (Mo. banc 1986); *State ex rel. King v. Huesemann,* 776 S.W.2d 488, 491[3] (Mo.App.1989).

The preliminary order in prohibition is made absolute. Respondent is prohibited from taking any further action in the underlying case except the action specified in Rule 51.05(e).

MAUS, P.J., and PREWITT, J., concur.

---

5. Rule 51.05(b), it will be recalled, also contains a provision allowing a party 30 days "after the answer is due to be filed" to apply for a change of judge if the trial judge is designated at the time the answer is due. In this prohibition proceeding relator and respondent have debated whether an answer is "required to be filed" in a proceeding to modify a dissolution decree. We do not address that subject, it being unnecessary in our resolution of the change of judge issue.

6. In *Hayes v. Hayes,* 363 Mo. 583, 252 S.W.2d 323 (1952), the Supreme Court of Missouri held that an ex-wife who filed a motion to modify the child custody provision of her divorce decree was entitled, upon timely application, to a change of judge in the modification proceeding. Respondent does not contend there is no right to a change of judge in a proceeding to modify a decree of dissolution of marriage.