**STATE of Missouri, ex rel., Kathryn KAUFMAN, Relator,**

v.

**The Honorable Edward HODGE, Judge, Twelfth Judicial Circuit, Warren County, Respondent.**

No. 68458.

Missouri Court of Appeals, Eastern District, Division Five.

Aug. 22, 1995.

Motion for Rehearing and/or Transfer to Supreme Court Denied Oct. 17, 1995.

William W. Cheeseman, Troy, for relator.

Lee R. Elliott, Troy, for respondent.

GRIMM, Judge.

Relator/wife seeks a writ of prohibition to prevent respondent/judge from proceeding with a dissolution action brought in his circuit. She contends respondent does not have jurisdiction because she filed a dissolution action in another circuit before husband filed his dissolution action in respondent's circuit. We issued a preliminary order in prohibition, which we now make absolute.

### I. Background

On April 5, 1995, wife filed her petition in the Lincoln County Circuit Court. The Lincoln County Circuit Clerk issued summons on April 11. The record before us does not disclose when husband was served. However, the docket sheet reflects that on April 24, the St. Charles County Sheriff filed his return of service on husband.

On April 6, 1995, husband filed his petition in Warren County Circuit Court. The Warren County Circuit Clerk issued summons that same day. The Lincoln County Sheriff served wife on April 8.

On April 12, wife filed a motion to dismiss husband's petition. She alleged that Warren County Circuit Court lacked jurisdiction because her action was filed earlier in Lincoln

County. Respondent denied the motion on June 6 and wife sought this writ.

While wife's motion to dismiss was pending in Warren County, husband filed a similar motion in Lincoln County on April 21. This motion was taken up on May 22 and denied. Thus, the circuit courts in Lincoln County and Warren County are both attempting to exercise jurisdiction in the dissolution proceeding.

## II. Discussion

The question as to when jurisdiction attaches in such a situation is not new. Prior to December 1, 1972, when the same parties brought two separate actions involving the same subject matter in courts of concurrent jurisdiction, the first court to obtain service of process acquired exclusive jurisdiction. *State ex. rel. Kincannon v. Schoenlaub,* 521 S.W.2d 391, 393 (Mo. banc 1975).

However, effective December 1, 1972, the Missouri Supreme Court amended Rule 53.01. The amended rule, patterned after Federal Rule of Civil Procedure 3, states, "A civil action is commenced by filing a petition with the court." Rule 53.01 "no longer includes 'suing out of process'; it requires only the filing of a petition with the court to commence an action." *Ostermueller v. Potter,* 868 S.W.2d 110, 111 (Mo. banc 1993).

The purpose of both the federal and Missouri rule is to create certainty as to when a lawsuit is commenced. *Schoenlaub,* 521 S.W.2d at 394; *see also* 4 C. WRIGHT & A. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1051 at 160–61 (1987). This is important in determining whether the action was brought prematurely, whether it is barred by the statute of limitation or laches, and *"which of two or more courts in which actions involving the same parties and issues have been instituted should retain the case for disposition ...."* *Schoenlaub,* 521 S.W.2d at 394 (emphasis original).

*Schoenlaub* involved facts similar to those before us. In *Schoenlaub,* husband filed his divorce petition in Buchanan County on July 31, 1973. Wife was ineffectively "served" on August 3. On August 9, an alias summons

was issued and served on wife on August 14. *Schoenlaub,* 521 S.W.2d at 392.

In the meantime, wife filed her divorce petition in Boone County on August 3, 1973. Thus, she filed her petition three days after husband filed his. However, husband was served on August 13, the day before wife was served. *Id.*

The supreme court held that under amended Rule 53.01, the court where the suit was first filed had jurisdiction. Discussing its holding and the reasons for Rule 53.01, the court noted that the "uncertainty possible under the rule that a suit does not become pending until process had been served is amply demonstrated by the facts of the instant case." *Id.* at 394.

Respondent acknowledges the holding in *Schoenlaub.* However, he contends that Rule 53.01 was modified by § 452.311.[1] This statute provides:

A petition is not filed within the meaning of supreme court rule 53.01 in any cause of action authorized by the provisions of this chapter, unless [1] a summons is issued forthwith as required by supreme rule 54.01, [2] a verified entry of appearance of respondent is filed or [3] an attorney files an entry of appearance on behalf of respondent. (brackets and numbers added).

Respondent contends that § 452.311 prescribes "the date of 'filing' of a domestic relations case is the date summons issues." We disagree.

As previously noted, Rule 53.01 provides that a civil action is commenced by filing a petition with the court. Further, Rule 54.01 directs, "[u]pon the filing of a pleading requiring service of process, the clerk shall forthwith issue the required summons ...." We believe the opening clauses of § 452.311 simply codify and combine the requirements of these two rules. As such, on the issue before us, § 452.311 does not annul or amend Rules 53.01 and 54.01. *See* Mo. Const. of 1945, art. V, § 5.

We observe that § 452.311 provides two alternatives to having a summons issued, i.e., either respondent or respondent's attorney

1. All statutory references are to RSMo 1994, unless otherwise noted.

files an entry of appearance. *See Schlottach v. Schlottach,* 873 S.W.2d 928, 931 (Mo.App. E.D.1994). The facts before us do not involve either alternative.

Also in support of his argument, respondent points us to *State ex rel. Blackburn v. Elliston,* 796 S.W.2d 637 (Mo.App.S.D.1990). In *Elliston,* the respondent in a modification of child support motion filed a request for change of judge twenty-nine days after being served with process, but thirty-four days after the modification motion was filed. *Id.* The trial court denied the request for a change of judge.

The southern district held that § 452.311, RSMo Cum.Supp.1989, gave the respondent thirty days from the day of service to file the motion for a change of judge. The court apparently recognized the fundamental unfairness in an alternative holding. Mandating that the time to file the motion would run from the filing date would enable a petitioner to wait to serve process until it was impossible to timely file the motion. *See id.* at 639.

The issue in *Elliston* is different from the one before us. Here, we are dealing with jurisdiction, not the time for filing motions. Rule 53.01, *Schoenlaub,* and *Ostermueller* state that an action is commenced when the petition is filed. The time to file motions is another issue which we need not address today. *Elliston* is neither applicable nor persuasive [2] on the issue before us.

Finally, we note that the requirement imposed on the circuit clerk to "forthwith" issue the summons is not new. In *Schoenlaub,* the supreme court noted that Rule 54.01 "provides that upon the filing of the petition the clerk shall forthwith issue the summons and deliver it to the sheriff." *Schoenlaub,* 521 S.W.2d at 395.

Moreover, when a party files a petition, "the party has done all [the party] can do."

*State ex rel. Evans v. Broaddus,* 245 Mo. 123, 149 S.W. 473, 476 (banc 1912). The issuing of the summons "is not in [the party's] hands, but in the hands of the clerk." *See id.* Delay may occur due to matters even beyond the clerk's control, such as insufficient staff, staff who are out sick or on vacation, or a heavy volume of cases. Thus, it would appear unfair to penalize the party for any delay in the clerk's office in issuing the summons.

The preliminary order in prohibition is made absolute. Respondent is directed to dismiss husband's dissolution action without prejudice.

SIMON, P.J., and WHITE, J., concurs.

---

2. We note that *Elliston* is a 1990 case and it refers to § 452.311, RSMo Cum.Supp.1989, as originally enacted in 1989. *Elliston,* 796 S.W.2d at 638 n. 3. When enacted, what became § 452.311 is the *seventh* section of a bill relating to the department of social services.

If it is argued that this provision amended Rule 53.01 or 54.01, such an argument would be suspect. To amend a supreme court rule, the

constitution requires the General Assembly to do so "by a law limited to the purpose." Mo. Const. 1945, art. V, § 5. The 1989 amendment was not in a bill limited to the purpose of amending or annulling a rule.

In 1991, the General Assembly adopted the present version of § 452.311. 1991 Mo.Laws 1030. We express no opinion as to its compliance with the constitutional provisions.