ORIGINAL PROCEEDING IN PROHIBITION
LAURA DENVIR STITH, Judge.
Karla Kay Weigman filed a petition for dissolution of marriage in Platte County. At her attorney’s request, the clerk issued a summons and delivered it to counsel for Petitioner. So far as the record shows, no attempt was made to serve the summons on Ms. Weigman’s husband, James Robert MacDonald, before it expired 30 days later. The month after the summons expired, Mr. MacDonald filed his own petition for dissolution of marriage in Ray County and arranged for service. Ms. Weigman thereafter obtained a new summons in the Platte County action and served it on Mr. MacDonald; two days later his Ray County summons was served on her.
All agree that jurisdiction lies in the court in which the first dissolution petition was filed. The parties disagree as to which court this is, however. Mr. MacDonald argues that Ms. Weigman’s Petition, while filed first, was a nullity because of her counsel’s alleged failure to make a good faith attempt to serve the. summons issued at the time of filing. Ms. Weigman argues that when and whether she obtained service is irrelevant, because jurisdiction is determined solely as of the time of filing. Both parties filed motions to dismiss the action brought by their spouse in the other circuit; each court ruled that it had jurisdiction and that the action filed by the opposing spouse in the other county was invalid. Ms. Weigman applied for a writ of prohibition, and we issued a preliminary writ. We now make our writ permanent.
I. FACTUAL AND PROCEDURAL BACKGROUND
On April 23, 1996, Karla Kay Weigman filed a petition in Platte County to dissolve her marriage to James Robert MacDonald. Although the clerk issued a summons that same day and mailed it to Ms. Weigman’s attorney, as permitted by Rule 54.01, the summons was never served on Mr. MacDonald prior to its expiration thirty days after issuance.[1] On July 5, 1996, Ms. Weig-man filed an application for special process server and obtained an alias summons for service on Mr. MacDonald. The sheriffs *443 return indicates that Mr. MacDonald was served by hand delivery on July 6, 1996.
In the meantime, on June 24, 1996, Mr. MacDonald filed his own Petition for Dissolution of Marriage in Ray County, and a summons was issued.[2] Ms. Weigman was served with the Ray County summons on July 8, 1996.
Ms. Weigman filed a motion to dismiss Mr. MacDonald’s petition in Ray County alleging that Ray County did not have proper jurisdiction over the dissolution action because she had filed suit in Platte County before Mr. MacDonald had filed suit in Ray County. Ray County Judge Werner A. Moentmann overruled this motion because he accepted Mr. MacDonald’s argument that because Ms. Weigman’s counsel had, allegedly purposely, failed to serve the initial summons issued in her Platte County action before Mr. MacDonald filed suit in Ray County, his suit rather than hers should be considered the first-filed, for it was the first suit that was properly filed.
Asserting the same arguments he had made in Ray County, Mr. MacDonald filed a motion in the Platte County action seeking its dismissal on the basis that the Ray County action should be considered as if it were the first-filed. Platte County Judge Roger E. Combs denied this motion, presumably on the basis that Ms. Weigman’s Petition was the first filed and that Platte County, not Ray County, thus had jurisdiction.
The effect of these rulings is that both Ray and Platte County are attempting to exercise jurisdiction over the dissolution action. To settle this issue, Ms. Weigman filed a Petition for Writ of Prohibition with this Court seeking to prohibit Judge Moentmann from proceeding with the Ray County action. On October 1,1996, this Court issued its Preliminary Writ ordering Judge Moentmann to take no further action in the Ray County proceeding pending our resolution of the issues raised in her Petition.
Several days later, Mr. MacDonald filed a Petition for Writ of Prohibition, in which he sought to prohibit Judge Combs from proceeding with the Platte County action. We consolidated the two cases so that they could be ruled together.
II. A WRIT OF PROHIBITION IS AN APPROPRIATE REMEDY
A writ of prohibition is the proper remedy to prevent a lower court from acting beyond its jurisdiction. State ex rel. Coyle v. O’Toole, 914 S.W.2d 871, 872 (Mo.App.1996). It is not a substitute for a direct appeal, however, and will issue only where there is lack of jurisdiction and lack of an adequate remedy by appeal. State ex rel. Riederer v. Mason, 810 S.W.2d 541, 543 (Mo.App.1991).
III. PLATTE COUNTY HAS EXCLUSIVE JURISDICTION TO PROCEED WITH THE DISSOLUTION ACTION
Prior to December 1, 1972, if two parties brought the same action in different courts of concurrent jurisdiction, Rule 53.01 required that the first party to both file and obtain service of process acquired exclusive jurisdiction. State ex rel. Kincannon v. Schoenlaub, 521 S.W.2d 391, 393 (Mo. banc 1975); State ex rel. Kaufman v. Hodge, 908 S.W.2d 137, 138 (Mo.App.1995).[3]
This law changed in 1972 when Rule 53.01 was amended to provide that “[a] civil action is commenced by filing a petition with the court.” Rule 53.01. This rule has been in *444 terpreted to mean that commencement of an action no longer requires suing out of process, but only the filing of a petition. Hodge, 908 S.W.2d at 138. For this reason, since the time Rule 53.01 was amended, the court in which the first petition is filed has been held to have exclusive jurisdiction of the action, regardless of the date of service of process in either action. Schoenlaub, 521 S.W.2d at 394.[4]
There are strong policy reasons why Missouri adopted the rule that the county in which a petition is first filed has exclusive jurisdiction. Such a rule creates certainty about when a lawsuit was commenced, for the date that a petition is filed is readily ascertainable and leaves no room for doubt. Schoenlaub, 521 S.W.2d at 394; Hodge, 908 S.W.2d at 138.
By contrast, as the Supreme Court noted in Schoenlaub, uncertainty is inherent in a rule that a suit does not commence until process has been served, because it is often difficult to determine the exact time that service is made. 521 S.W.2d at 394. The time of filing creates a bright line test that is easy to administer because there are no questions about whether faulty or defective service is sufficient to commence a suit.
In this case, Ms. Weigman filed her petition for dissolution in Platte County before Mr. MacDonald filed his petition in Ray County. Therefore, under Rule 53.01 as interpreted in Schoenlaub and similar cases, it is evident that Platte County would normally have exclusive jurisdiction to proceed.
Mr. MacDonald argues that the normal rule does not apply here, however, for reasons of both statutory interpretation and policy. In particular, Mr. MacDonald suggests that Section 452.311 provides that a petition is not properly filed unless a summons is issued as required by Rule 54.01 or an entry of appearance is filed. § 452.311, RSMo 1994.[5]
In this case, Mr. MacDonald admits the Platte County Clerk did issue a summons to Ms. Weigman’s attorney as required by Rule 54.01; Ms. Weigman’s attorney simply allegedly failed to attempt to serve it on Mr. MacDonald before it expired. Mr. MacDonald notes, however, that because the summons expired without an attempt to serve it, it is as if a summons had never been issued. In parallel fashion, he argues, as a matter of policy, this Court should hold that because the summons is void, so too we should hold that the filing of the petition is retroactively voided by the failure to make a good faith attempt to timely serve it.
Mr. MacDonald contends that if we accept his argument, then his petition, filed in Ray County on June 24,1996, effectively becomes the “first-filed” petition. The fact that Ms. Weigman’s petition is still filed in Platte County and has been served is irrelevant; it should be dismissed. Any other ruling, he suggests, would encourage parties to secretly file an action but not serve it just so that they can foreclose the opposing party from controlling venue should the latter ever decide to file a similar action.[6]
We disagree. Policy concerns do not require us to strain the reading of Section 452.311, or of Rules 53.01 and 54.01, by adopting the interpretation suggested by Mr. MacDonald. The rare case in which a party files an action and obtains the summons but *445 fails to ever attempt to serve the defendant can be taken care of through application of existing procedural mechanisms such as dismissal for failure to prosecute. On the other hand, Mr. MacDonald’s suggested rule would negate the policy our courts have set out in Schoenlaub and similar cases of creating certainty by having a fixed, definite deadline for commencement of an action — the filing of the petition.
Here, our obligation is to apply Rule 53.01 and related rules and statutes as written and as previously interpreted by our courts. We thus hold that under Rule 53.01 an action is commenced by the filing of a petition, and not by service of process. Rule 54.01 does not set out a different rule; it simply requires the clerk to forthwith issue a summons. Id. As Hodge noted, Section 452.311 did not purport to change this interpretation of Rules 53.01 and 54.01; it merely codified their requirements. 908 S.W.2d at 138.
Neither Rule 53.01 nor Rule 54.01 suggest that failure to serve the summons diligently will result in the ease being retroactively not commenced. Moreover, our Supreme Court’s decision in Ostermueller v. Potter, 868 S.W.2d 110 (Mo. banc 1993), suggests that it would not find the diligence with which process was served to be a dispositive issue in determining when the action was commenced. Prior to Ostermueller, Missouri had followed the rule that the statute of limitations is tolled at the time of filing a lawsuit only if the plaintiff exercises due diligence in serving defendant. Ostermueller said that filing tolls the statute without regard to whether plaintiff exercised due diligence in service. Id. at 111.[7]
For these reasons, our Preliminary Writ of Prohibition against Judge Moentmann in Case Number 53357 is made permanent. Mr. MacDonald’s Petition for a Writ of Prohibition against Judge Combs in Case Number 53400 is denied.
All concur.

. The record is silent as to why there was no service on Mr. MacDonald. At oral argument, Relator implied that Mr. MacDonald had agreed to informally accept service but then failed to do so, while Respondent implied that no attempt was made at service.

. The summons itself indicates it was issued on June 21, 1996, three days prior to the day the Petition was even filed. The record does not disclose why a summons would have been issued before Mr. MacDonald filed his petition. Mr. MacDonald suggests the date is a typographical error. We need not resolve this issue in order to determine which court has jurisdiction.

. Prior to 1972, Rule 53.01 provided:
Civil actions may be instituted, except when a statute or these rules otherwise provide, either (1) by filing in the office of the clerk of the proper court a petition setting forth the plaintiff’s cause or causes of action, and the remedy sought, and by the voluntary appearance of the adverse party thereto; or (2) by filing such petition in such office, and suing out thereon a writ of summons against the person or of attachment against the property of the defendant. The filing of a petition and suing out of process therein shall be deemed the commencement of the civil action.
Rule 53.01 (1972).

. Although a few subsequent cases seem to have assumed in dicta that the time of service was important, see, e.g., Baker v. Baker, 804 S.W.2d 763 (Mo.App.1990), those cases did not involve the same factual situations, and it appears the courts may have been unaware that Schoenlaub held that Missouri no longer requires service in order to acquire jurisdiction.

. Rule 54.01 states in relevant part:
Upon the filing of a pleading requiring service of process, the clerk shall forthwith issue the required summons or other process ... If requested in writing by the party whose pleading requires service of process, the clerk shall deliver the summons or other process to such party who shall then be responsible for promptly serving it with a copy of the pleading.
Section 452.311 states in relevant part:
A petition is not filed within the meaning of supreme court rule 53.01 in any cause of action authorized by the provisions of this chapter, unless a summons is issued forthwith as required by supreme court rule 54.01 ...

.By contrast, Ms. Weigman suggests that Mr. MacDonald’s rule would encourage defendants to avoid service, or to falsely agree to accept service informally and then fail to do so.

. The cases Mr. MacDonald relies on to the contrary applied the pre-Ostermueller rule, see Tri-City Constr. Co. v. A.C. Kirkwood and Assocs., 738 S.W.2d 925 (Mo.App.1987), or applied the civil procedure rules in effect prior to 1972 which required suing out of service to commence an action, see, e.g., Kansas ex rel. American Steel Works v. Hartford Accident & Indem. Co., 426 S.W.2d 720 (Mo.App.1968), and thus are not dispositive here. We also note that the delay in service in this case was only a matter of a few months, no prejudice has occurred, and there has been no evidence presented of improper intent on the part of counsel.